-1-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA ESPOSITO, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>BLOCK, INC., JACK DORSEY and AMRITA AHUJA,<br><br>      Defendants. | Case No. 1:22-cv-08636-RA<br><br>**FOTIOS SOTIROPOULOS' RESPONSE IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br><u>CLASS ACTION</u> |

-1-

## I.    INTRODUCTION

Of the five competing movants who have sought appointment as lead plaintiff, Mr. Sotiropoulos is plainly the most adequate plaintiff to represent the Class.[1] Mr. Sotiropoulos has the largest financial interest of any movant, claiming a loss of $328,718.78 on his purchases of Block securities during the Class Period (almost three times the size of the next largest movant). As a result, all movants, other than Mr. Sotiropoulos, have either withdrawn their motions or have filed a non-opposition to the appointment of Mr. Sotiropoulos as lead plaintiff.[2]

|  | **Loss Claimed** |
|---|---|
| Fotios Sotiropoulos | $328,718.78 |
| Mehran Eslambolipoor | $124,662.00 |
| Bryan Kerr | $112,963.60 |
| Ligno S. Sanchez | $77,203.42 |
| James Tsou | $29,983.50 |

In addition, Mr. Sotiropoulos has made a preliminary showing of his typicality and adequacy and has shown he is qualified to serve as Lead Plaintiff pursuant to Rule 23. "[Mr. Sotiropoulos'] claims are identical to, and neither compete nor conflict with the claims of the other class members." *Rhode Island Laborers' Pension Fund v. FedEx Corp.*, 2019 WL

---

[1] The five lead plaintiff movants are (1) Fotios Sotiropoulos ("Mr. Sotiropoulos") (ECF No. 23); (2) Mehran Eslambolipoor ("Eslambolipoor") (ECF No. 32); (3) Bryan Kerr ("Kerr") (ECF No. 27); (4) Ligno S. Sanchez ("Sanchez") (ECF No. 18); and (5) James Tsou ("Tsou") (ECF No. 21).

[2] Eslambolipoor, Kerr and Sanchez have filed notices of non-opposition to the appointment of Mr. Sotiropoulos and the lead plaintiff and Hagens Berman Sobol Shapiro LLP as lead counsel. (ECF Nos. 38, 40 and 41). Tsou has withdrawn his motion (ECF No. 36).

5287997, at *2 (S.D.N.Y. Oct. 18, 2019) (Abrams, J.) (citing *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011). "Like all other class members, [Mr. Sotiropoulos] purchased [Block] securities during the class period, suffered damages as a result of Defendants' allegedly false and misleading statements, and seeks relief under the federal securities laws." *FedEx Corp.*, 2019 WL 5287997, at *2.

Mr. Sotiropoulos also satisfies Rule 23(a)'s adequacy requirement. *Id*. ("The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."). Mr. Sotiropoulos has selected qualified counsel. ECF No. 26-4 (Hagens Berman Resume). There is no conflict between Mr. Sotiropoulos's claims and those asserted on behalf of the class. And given his significant financial stake, Mr. Sotiropoulos has the incentive to prosecute the class's claims vigorously. *See* ECF No. 26-2.

Having satisfied these two steps, Mr. Sotiropoulos is entitled to a strong presumption that he is the "most adequate plaintiff." 15 U.S.C. §78u- 4(a)(3)(B)(i). That presumption can only be rebutted "upon proof" that Mr. Sotiropoulos will not fairly and adequately protect the interests of the Class, or that Mr. Sotiropoulos is subject to unique defenses that would render him incapable of doing so. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). But there are no facts, let alone any "proof," suggesting that Mr. Sotiropoulos is somehow unfit to represent the Class. To the contrary, the record reflects Mr. Sotiropoulos, a business owner in New York, New York, is suited to lead the prosecution of this case.

Accordingly, the Court should grant the motion of Mr. Sotiropoulos in full, appoint him as Lead Plaintiff for the Class, approve of his selection of Hagens Berman Sobol Shapiro LLP

("Hagens Berman") as Lead Counsel and The Schall Law Firm as additional counsel, and deny the competing motions.

## II. ARGUMENT

### A. Mr. Sotiropoulos Has the Largest Financial Interest.

Here, Mr. Sotiropoulos has the largest financial interest in this litigation. His claimed financial interest of $328,718.78 is multiples higher than any loss claimed by a movant. *See FedEx Corp.*, 2019 WL 5287997, at *1 (S.D.N.Y. Oct. 18, 2019) (quoting *Richman v. Goldman Sachs Grp. Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011)) ("the largest loss, is considered by most courts to be the 'critical ingredient in determining the largest financial interest and outweighs net shares purchased and next expenditures.").

### B. Mr. Sotiropoulos Satisfies the Requirements of Rule 23.

Mr. Sotiropoulos also meets the "typicality" and "adequacy" requirements of Rule 23(a). "Typicality" is satisfied because Mr. Sotiropoulos's claims and the defenses thereto "are typical of the claims or defenses of the class." *See* Fed. R. Civ. P. 23(a)(3). Like other putative class members, Mr. Sotiropoulos alleges that during the Class Period, he acquired Block securities at prices that were inflated by Defendants' material misrepresentations and/or omissions, and that he consequently suffered damages.

In addition, no antagonism exists between Mr. Sotiropoulos's interests and those of the absent Class members. In addition, Mr. Sotiropoulos "will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). In particular, Mr. Sotiropoulos has a substantial financial stake in the outcome of this litigation, and he is both motivated to, and capable of, vigorously pursuing this litigation. *See FedEx Corp.*, 2019 WL 5287997, at *2 (approving lead plaintiff movant who made identical showing).

**C.      The Remaining Movants Have Not And Cannot Rebut The Presumption**

The remaining movants have all suffered losses which are substantially less than Mr. Sotiropoulos's losses, and none have rebutted the presumption that Mr. Sotiropoulos is the most adequate plaintiff.

**D.      Mr. Sotiropoulos Has Selected Well-Qualified Counsel to Represent the Class**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v). In making this determination, the PSLRA states that a court is not to disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Hagens Berman is a leading securities class action law firm and has an established track record obtaining successful recoveries for investors in securities class actions. *See* ECF No. 26-4 at 31-32. Accordingly, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

## II.      CONCLUSION

For the foregoing reasons, Mr. Sotiropoulos respectfully requests that the Court appoint him Lead Plaintiff for the Class and approve his selection of Hagens Berman as Lead Counsel for the Class.

-5-
011143-11/2094665 V1

DATED: December 27, 2022

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Nathaniel A. Tarnor*
    Nathaniel A. Tarnor

68 3rd Street, Suite 249
Brooklyn, NY 11231
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
nathant@hbsslaw.com

Reed R. Kathrein, *pro hac vice* forthcoming
Lucas E. Gilmore, *pro hac vice* forthcoming
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff Fotios Sotiropoulos*

Brian J. Schall, *pro hac vice* forthcoming
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile:  (310) 388-0192
brian@schallfirm.com

*Additional Counsel for [Proposed] Lead Plaintiff Fotios Sotiropoulos*

-6-

011143-11/2094665 V1

DATED: December 27, 2022

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Nathaniel A. Tarnor*
    Nathaniel A. Tarnor

68 3rd Street, Suite 249
Brooklyn, NY 11231
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
nathant@hbsslaw.com

Reed R. Kathrein, *pro hac vice* forthcoming
Lucas E. Gilmore, *pro hac vice* forthcoming
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff Fotios Sotiropoulos*

Brian J. Schall, *pro hac vice* forthcoming
THE SCHALL LAW FIRM
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile:  (310) 388-0192
brian@schallfirm.com

*Additional Counsel for [Proposed] Lead Plaintiff Fotios Sotiropoulos*

-1-

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

                                                      */s/ Nathaniel A. Tarnor*
                                                     NATHANIEL A. TARNOR