UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE BLOCK, INC. SECURITIES
LITIGATION

This Document Relates To:  All
Actions

Master Case No.  1:22-cv-08636-RA

CLASS ACTION

DEFENDANTS' RESPONSE TO
OFFICIAL INTELLIGENCE PTY
LTD.'S OBJECTIONS TO THE
CONSOLIDATION AND
LEADERSHIP ORDER

---

Defendants Block, Inc. ("Block"), Jack Dorsey, Amrita Ahuja, Anthony Eisen, and Jim McKelvey ("Defendants") respectfully submit this response to Plaintiff Official Intelligence, Pty Ltd.'s ("Official Intelligence") Objections to the Stipulation and Order Consolidating Cases and Setting Schedule for Filing of Consolidated Complaint and Related Briefing (the "Consolidation and Leadership Order") stipulated to by the parties in *Esposito v. Block*, Case No. 1:22-cv-08636-RA (the "*Esposito* Action"), and *Hart v. Block*, Case No. 1:23-cv-01579-RA (the "*Hart* Action") (collectively, the "Consolidated Action") and SO ORDERED by the Court on March 7, 2023.  *See* Dkt. No. 53.

### INTRODUCTION AND BACKGROUND

The *Esposito* Action was filed in this Court on October 11, 2022, asserting claims under the Securities Exchange Act of 1934 (the "Exchange Act") related to a December 10, 2021 data security incident that was disclosed in Block's Form 8-K filed with the U.S. Securities and Exchange Commission ("SEC") on April 4, 2022.  The *Hart* Action was subsequently filed on January 31, 2023, asserting claims under both the Exchange Act and the Securities Act of 1933 (the "Securities Act") related to the same incident.  On March 7, 2023, this Court consolidated the

1

*Esposito* and *Hart* Actions and entered the Consolidation and Leadership Order.

Plaintiff Official Intelligence then filed a putative securities class action lawsuit in this Court against Block, Jack Dorsey, and Jim McKelvey on April 3, 2023, captioned *Official Intelligence Pty Ltd. v. Block, Inc. et al.*, Case No. 1:23-cv-2789 (S.D.N.Y.) (the "*Official Intelligence* Action"), alleging claims arising under the Securities Act related to the same data security incident. On April 7, 2023, Defendants filed a Statement of Related Case, notifying the Court that the *Official Intelligence* Action was related to the Consolidated Action, *see* Dkt. No. 60, as well as a Notice of Automatic Case Consolidation pursuant to the Consolidation and Leadership Order entered by the Court, *see* Dkt. No. 61, providing for automatic consolidation of "[a]ll related Securities Class Actions against Block, Inc. filed in . . . this District." Plaintiff Official Intelligence filed objections to the Consolidation and Leadership Order ("Objections"), *see* Dkt. No. 62, arguing—among other things—that consolidation was unwarranted because the Consolidated Action includes claims arising under the Exchange Act, whereas the *Official Intelligence* Action only asserts claims under the Securities Act. *Id.* at 2.

Official Intelligence's objections to consolidation are meritless. Consolidation of these actions would promote judicial efficiency, as the Consolidated Action and the *Official Intelligence* Action both concern common questions of law and fact. Both actions concern the exact same event and raise substantially similar legal theories and claims. As discussed above, while *Esposito* originally only asserted Exchange Act claims, the *Hart* action—just like the *Official Intelligence* Action—asserts Securities Act claims as well. Unsurprisingly, courts routinely consolidate securities class actions in similar circumstances, including where one action only asserts claims

arising under the Securities Act.  This Court should do the same here.[1]

## ARGUMENT

A court may consolidate actions if they involve a common question of law or fact.  Fed. R. Civ. P. 42(a).  "In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation."  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).  Consolidation will generally be appropriate "so long as any confusion or prejudice does not outweigh efficiency concerns."  *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  "Neither Rule 42 nor the [Private Securities Litigation Reform Act ("PSLRA")] demands that actions be identical before they may be consolidated."  *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998).

Indeed, courts routinely consolidate claims under the Securities Act with claims under the Exchange Act, recognizing that these types of "minor differences" in the precise claims asserted do not weigh against consolidation given "the overwhelming factual and legal similarities" across cases asserting claims under these acts.  *See Olsen v. New York Community Bancorp, Inc.*, 233 F.R.D. 101, 104-05 (E.D.N.Y. 2005) (consolidating cases asserting only Securities Act claims with cases asserting only Exchange Act claims, along with cases asserting both sets of claims); *see also Blackmoss Invs., Inc. v. ACA Cap. Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (consolidating case asserting Securities Act claims with case asserting Exchange Act and Securities Act claims); *Pinkowitz v. Elan Corp., PLC*, 2002 WL 1822118, *3 n.4 (S.D.N.Y. July 29, 2002) (consolidating case asserting only Securities Act claims with cases asserting only Exchange Act claims); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150-51 (N.D.

---

[1] Official Intelligence also argues that it should be appointed as lead plaintiff for the Securities Act claims.  Defendants take no position on that issue.

Cal. 1999) (consolidating claims brought under the Securities Act with claims brought under the Exchange Act). These courts have recognized that where the factual allegations are similar or arising out of the same event, "the same discovery will be relevant to all of the actions," and requiring the actions to proceed separately would make little sense. *Olsen*, 233 F.R.D. at 104.

In fact, the Consolidated Action itself has *already* consolidated claims under the Securities Act with claims under the Exchange Act. The Consolidation and Leadership Order, *see* Dkt. No. 53, consolidated the *Esposito* Action (which alleges claims under sections 10(b) and 20(a) of the Exchange Act) with the *Hart* Action (which alleges claims both under sections 10(b) and 20(a) of the Exchange Act as well as sections 5(a) and (c), 12(a) and 15 of the Securities Act). The Securities Act claims alleged in the *Official Intelligence* Action are the same claims asserted in the *Hart* Action.[2]

Here, consolidation of the *Official Intelligence* Action with the Consolidated Action is appropriate and would be in the interest of judicial economy. The *Official Intelligence* Action and Consolidated Action share common questions of fact. Each makes claims centering on the same event: a December 10, 2021 data security incident that was disclosed in Block's Form 8-K on April 4, 2022. Official Intelligence itself concedes that these claims "share a common factual nexus with respect to the existence of the Data Breach." Dkt. 62 at 9. The *Official Intelligence* Action and Consolidated Action also involve questions of law that are identical. As noted above, both the *Hart* Action and the *Official Intelligence* Action asserts claims under sections 12(a) and 15 of the Securities Act. To litigate separate actions involving the same facts and similar legal arguments would create an unduly burdensome duplication of labor and might lead to conflicting results. On balance, the time, expense, and effort saved by consolidation—combined with the

---

[2] The *Official Intelligence* Action does not assert a claim under Section 5 of the Securities Act.

automatic consolidation provision set forth in the Consolidation and Leadership Order—dictate that the Court should consolidate the *Official Intelligence* Action with the already Consolidated Action.

Official Intelligence's arguments to the contrary are unpersuasive. The bulk of its opposition addresses its objection to the appointment of Plaintiff Sotiropoulos as lead plaintiff for the Securities Act claims. As noted above, *supra* fn.1, Defendants take no position on that issue. Official Intelligence's cursory argument against consolidation (Dkt. 62 at 11-15) primarily relies on *In re New Oriental Educ. & Tech. Grp. Sec. Litig.*, 293 F.R.D. 483, 487 (S.D.N.Y. 2013), as support for the proposition that "nothing in the PSLRA mandates consolidation of related cases." Yet, Official Intelligence's own description of the case demonstrates its inapplicability. In *New Oriental*, consolidation was improper since the lead plaintiff indicated that it would *not* prosecute claims on behalf of an options class. No such concerns exist here, where the *Hart* complaint asserting claims under the Securities Act has already been consolidated with *Esposito*, and there is every reason to believe that the Amended Complaint filed in the Consolidated Action will assert claims under both the Securities and Exchange Acts.

Likewise, the second case relied on by Official Intelligence, *In re Central European Distribution Corp. Sec. Litig.* ("*CEDC*"), 2012 WL 5465799 (D.N.J. Nov. 8, 2012), is inapposite. The *CEDC* court deconsolidated two actions, both alleging claims only under Sections 10(b) and 20(a) of the Exchange Act, because of the "stark" factual differences between the two actions, one of which solely concerned the accounting practices of a subsidiary, and the other of which concerned the company's management of its vodka portfolio. *Id.* at *9. Of course, here, Official Intelligence itself concedes that no such factual dissimilarity between the actions exists. *See* Dkt. 62 at 15. In addition, as with *New Oriental*, the *CEDC* lead plaintiff had explicitly stated that it

would *not* prosecute the factually dissimilar claims asserted by the other plaintiffs, 2012 WL 5465799 at *9, a concern that is absent here for the reasons explained above. And the remaining cases relied on by Official Intelligence as purported support for their argument against consolidation (*see* Dkt. 62 at 14-15 & n.5) largely do not even speak to the issue, as they concern the distinct question of whether a separate lead plaintiff should be appointed. And in certain instances, the cited cases even go *against* Official Intelligence's argument, as they explain why consolidation is appropriate in actions such as these with common questions of law and fact. *See, e.g.*, *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 432-33 (S.D. Tex. Dec. 28, 2010); *Miller v. Ventro Corp.*, 2001 WL 34497752, *6 (N.D. Cal. Nov. 28, 2001).

Finally, contrary to Official Intelligence's arguments (Dkt. 62 at 13), the mere fact that different elements apply to the Securities Act and Exchange Act claims does not weigh against consolidation. Official Intelligence has provided no support for that legal proposition. In fact, courts apply the same materiality standard to actions brought under Section 12(a) of the Securities Act as those brought under other provisions of the securities laws, including Section 10(b) of the Exchange Act. *See e.g., City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 182-83, 188 (2d Cir. 2014); *Rombach v. Chang*, 355 F.3d 164, 178 n. 11 (2d Cir. 2004) ("The test for whether a statement is materially misleading under Section 12(a)(2) is identical to that under Section 10(b)."). And were Official Intelligence's argument correct, a case asserting claims arising under only one act should *never* be consolidated with a case asserting claims arising only under the other. But the numerous cases cited above demonstrate that is simply not the law, and instead that these "minor differences" do not weigh against consolidation. *Olsen*, 233 F.R.D. at 104. Even where two plaintiffs' "theories of recovery involve different showings of scienter and proof," consolidation is warranted because mere "speculations about possible conflicts" cannot

justify requiring two lawsuits concerning the same facts and substantially similar legal theories to proceed separately.  *Aronson*, 79 F. Supp. 2d at 1151.

## CONCLUSION

For the foregoing reasons, the *Official Intelligence* Action should be consolidated with the Consolidated Action pursuant to Federal Rule of Civil Procedure 42(a).

Dated:  May 1, 2023                                Respectfully Submitted,

By: */s/ Alexander K. Talarides*
ALEXANDER K. TALARIDES
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
atalarides@orrick.com

JENNIFER M. KEIGHLEY
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
jkeighley@orrick.com

*Attorneys for Defendants Block, Inc., Jack Dorsey, Amrita Ahuja, Anthony Eisen, and Jim McKelvey*