**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE BLOCK, INC. SECURITIES LITIGATION | Master Case No. 1:22-cv-08636-RA |
| This Document Relates To:   All Actions | |

## OFFICIAL INTELLIGENCE PTY LTD.'S REPLY IN SUPPORT OF ITS (1) OBJECTIONS TO THE CONSOLIDATION AND LEADERSHIP ORDER AND (2) LEAD PLAINTIFF MOTION

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Jeffrey S. Abraham
Michael J. Klein
450 Seventh Avenue, 38th Fl.
New York, New York 10123
Tel: (212) 279-5050
Email: jabraham@aftlaw.com
mklein@aftlaw.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
Yitzchak Eliezer Soloveichik
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel:  (212) 697-6484
Email: peretz@bgandg.com
soloveichik@bgandg.com

*Attorneys for Plaintiff Official Intelligence, Pty Ltd.*

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................... 1

SUMMARY OF ADDITIONAL RELEVANT FACTS ................................................................ 1

ARGUMENT ............................................................................................................................. 2

      A.     The PSLRA Notice Controls Selection of Lead Plaintiff for the Securities Act Claims ............................................................................................................. 2

      B.     Sotiropoulos Cannot Serve as Lead Plaintiff for the Securities Act Claims Based upon the Statutory Language of the Relevant Securities Act Provision .......................................................................................................... 4

      C.     Sound Principles of Case Administration Also Favor Appointing OIP as Lead Plaintiff for the Securities Act Claims ........................................................ 6

      D.     There Exists No Meritorious Reason for Not Appointing OIP Lead Plaintiff ....... 8

      E.     The Securities Act Claims Should Proceed Separately Even if the Cases Remain Consolidated ................................................................................. 9

CONCLUSION ......................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
511 U.S. 164 (1994)..................................................................................................................... 4

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018).................................................................................................................. 9

*Cohen v. Luckin Coffee Inc.*,
2020 WL 3127808 (S.D.N.Y. June 12, 2020) ........................................................................... 5

*Decastro v. City of N.Y.*,
2020 WL 4932778 (S.D.N.Y. Aug. 24, 2020)............................................................................ 9

*Dube v. Signet Jewelers Ltd.*,
2017 WL 1379385 (S.D.N.Y. Apr. 14, 2017) ........................................................................... 3

*Glick v. Arqit Quantum Inc.*,
2023 WL 2764741 (E.D.N.Y. Mar. 31, 2023)........................................................................... 6

*Hevesi v. Citigroup, Inc.*,
366 F.3d 70 (2d Cir. 2004) ......................................................................................................... 5

*In re Bear Stearns Companies, Inc. Sec., Derivative, & Erisa Litig.*,
2009 WL 2168767 (S.D.N.Y. July 16, 2009) ............................................................................ 6

*In re Cloudera, Inc. Sec. Litig.*,
2020 WL 1288362 (N.D. Cal. Mar. 18, 2020)........................................................................... 3

*In re Enron Corp., Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002)................................................................................................ 7

*In re Enzymotec Ltd. Sec. Litig.*,
2015 WL 918535 (D.N.J. Mar. 3, 2015)..................................................................................... 9

*In re Fuwei Films Sec. Litig.*,
247 F.R.D. 432 (S.D.N.Y. 2008) ................................................................................................ 6

*In re Initial Pub. Offering Sec. Litig.*,
214 F.R.D. 117 (S.D.N.Y. 2002) ................................................................................................ 7

*In re Leapfrog Enterprises, Inc. Sec. Litig.*,
2005 WL 5327775 (N.D. Cal. July 5, 2005)............................................................................... 3

*In re Magnum Hunter Res. Corp. Sec. Litig.*,
616 F. App'x 442 (2d Cir. 2015) ...................................................................................... 8

*In re OSI Pharms.*,
2005 WL 6171305 (E.D.N.Y. Sept. 21, 2005) .................................................................. 6

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
163 F.R.D. 200 (S.D.N.Y. 1995) ...................................................................................... 7

*In re WorldCom, Inc. Sec. Litig.*,
219 F.R.D. 267 (S.D.N.Y. 2003) ...................................................................................... 7

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC*,
2015 WL 1345931 (S.D.N.Y. Mar. 19, 2015) .................................................................. 6

*Kang v. Hybrid Trade Ltd.*,
2022 WL 2035962 (C.D. Cal. Feb. 15, 2022) .................................................................. 7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
947 F. Supp. 2d 366 (S.D.N.Y. 2013) .............................................................................. 3

*Kniffin v. Micron Tech., Inc.*,
379 F. Supp. 3d 259 (S.D.N.Y. 2019) .............................................................................. 6

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
693 F.3d 145 (2d Cir. 2012) ......................................................................................... 6, 9

*Parot v. Clarivate Plc*,
2022 WL 1568735 (E.D.N.Y. May 18, 2022) .................................................................. 7

*Police & Fire Ret. Sys. v. IndyMac MBS, Inc.*,
721 F.3d 95 (2d Cir. 2013) .............................................................................................. 8

*Porzio v. Overseas Shipholding Grp.*,
2013 WL 407678 (S.D.N.Y. Feb. 1, 2013) ...................................................................... 9

*Stadnick v. Vivint Solar, Inc.*,
2015 WL 8492757 (S.D.N.Y. Dec. 10, 2015), *aff'd*, 861 F.3d 31 (2d Cir. 2017) .......... 6

*Teamsters Local 445 Freight Division Pension Fund v. Bombardier Inc.*, 2005 WL 1322721
(S.D.N.Y. June 1, 2005) .................................................................................................... 3

*U.S. ex rel. Reilly v. New England Teamsters & Trucking Indus. Pens. Fund*,
737 F.2d 1274 (2d Cir. 1984) ........................................................................................... 2

*Waldman v. Wachovia Corp.*,
2009 WL 2950362 (S.D.N.Y. Sept. 14, 2009) .................................................................. 3

*Yi Xiang v. Inovalon Holdings, Inc.*,
  327 F.R.D. 510 (S.D.N.Y. 2018) ................................................................. 6

**Statutes, Rules, and Regulations**

15 U.S.C. §77c(a)(10) ................................................................................... 9

15 U.S.C. §77l(a)(2) ............................................................................. 6, 7, 8

15 U.S.C. §77m ............................................................................................ 7

15 U.S.C. §77z-1(3)(B) ............................................................................... 2

15 U.S.C. §77z-1(a)(1) ................................................................................ 4

15 U.S.C. §77z-1(a)(3)(A)(i) ...................................................................... 4

15 U.S.C. §77z-1(a)(3)(A)(ii) ..................................................................... 4

15 U.S.C. §77z-1(a)(3)(B)(ii) ..................................................................... 4

15 U.S.C. §77z-1(a)(3) ................................................................................ 4

15 U.S.C. §78u-4(a)(3) ............................................................................... 4

15 U.S.C. §78u-4(a)(3)(A)(ii) ..................................................................... 4

Fed. R. Civ. P. 15(c) ................................................................................... 8

## INTRODUCTION

Official Intelligence (or "OIP") is the only person who moved to be appointed lead plaintiff in response to the Hart Notice and the only party currently appearing in this action who has standing to pursue the Securities Act claims arising out of the Afterpay Transaction. In addition, OIP prevented the Securities Act claims from becoming untimely by taking the extra step of filing its own class action complaint before the limitations period expired. Therefore, and for all the reasons set forth below, OIP should be appointed lead plaintiff for the Securities Act claims.

## SUMMARY OF ADDITIONAL RELEVANT FACTS

OIP is asserting Securities Act claims relating to an offering of 113 million shares of Block's Common Stock, having a value of **$29 billion**, primarily through corresponding CDIs issued to Australian shareholders.[1] The notice issued by Esposito (the "Esposito Notice"), pursuant to which Sotiropoulos was appointed lead plaintiff, omitted any mention of Afterpay, the Transaction, CDIs and the Securities Act. *See* ECF No. 26-3. Similarly, Esposito's complaint omits those terms, with the class allegations referencing only Common Stock. *See* ECF No. 1. Indeed, all lead plaintiff movants in response to the Esposito Notice only showed open market purchases of Common Stock on their PSLRA certifications. *See* ECF Nos. 18-35.

The PSLRA Notice, in contrast, states that the *Hart* action includes "all former shareholders of Afterpay" who acquired "[C]ommon [S]tock … [or CDIs] … in direct exchange for Afterpay shares pursuant to Block's January 31, 2022 acquisition and stock-for-stock merger with Afterpay[.]" ECF No. 57-1. ECF No. 57-1. OIP, which acquired 6,141 CDIs having an approximate value of $700,000, filed a motion to be appointed lead plaintiff in response to the

---

[1]    Capitalized terms undefined herein are defined in OIP's memorandum in support of its lead plaintiff motion or Objections to the Consolidation and Leadership Order.  ECF Nos. 56, 62.

Hart Notice. *See* ECF Nos. 55-58. Sotiropoulos contends that other former Afterpay shareholders who seem to have responded to the Hart Notice will join as class representatives but provides no information concerning their identity or their financial interest in the outcome of the claims.

## ARGUMENT

### A.     The PSLRA Notice Controls Selection of Lead Plaintiff for the Securities Act Claims

Sotiropoulos initially contends that the PSLRA Notice cannot control the selection of lead plaintiff because he was appointed the lead plaintiff for all federal securities law claims arising out of the Data Breach. ECF No. 69 at 17-24. This argument lacks merit because, as explained, this Court appointed him as lead plaintiff for the Exchange Act only. *See* ECF No. 62 at 6-9.

Sotiropoulos relatedly contends that the Esposito Notice set the deadline to move to be lead plaintiff and, as a result, OIP's motion is untimely. This argument fails because the PSLRA Notice applied to the *Hart* action, which was consolidated into this action "for all purposes, including … pretrial proceedings." ECF No. 50 at §I.2. This includes selecting a lead plaintiff, which is a pretrial proceeding. *See* 15 U.S.C. §77z-1(3)(B). Sotiropoulos is represented by sophisticated counsel and could have asked this Court to set aside the PSLRA Notice. However, he chose not to do so or even inform the Court of the PSLRA Notice. Therefore, having stipulated to the Consolidation Order, Sotiropoulos cannot now avoid applying the PSLRA Notice to this case. *See, e.g.*, *U.S. ex rel. Reilly v. New England Teamsters & Trucking Indus. Pens. Fund*, 737 F.2d 1274, 1278 (2d Cir. 1984) (stipulations are binding absent extraordinary circumstances).

Sotiropoulos is also mistaken that the PSLRA Notice was not required. Instead, courts in this District often require that new notice be made where "the amended complaint substantially alters the claims or class members." *Dube v. Signet Jewelers Ltd.*, 2017 WL 1379385, at *1 (S.D.N.Y. Apr. 14, 2017) (quoting *Waldman v. Wachovia Corp.*, 2009 WL 2950362, at *1

2

(S.D.N.Y. Sept. 14, 2009), and citing *Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013); *In re Leapfrog Enterprises, Inc. Sec. Litig.*, 2005 WL 5327775, at \*3-4 (N.D. Cal. July 5, 2005); *Teamsters Local 445 Freight Division Pension Fund v. Bombardier Inc.,* 2005 WL 1322721, at \*2 (S.D.N.Y. June 1, 2005)).  The inquiry is "qualitative, turning on a comparison of the two complaints and an assessment of whether, in light of the amendments, **'entire classes of potential lead plaintiffs [were] left out of the notice procedure.'"** *Dube,* 2017 WL 1379385, at \*1 (citing *Bombardier*, *supra*) (emphasis added).

Here, the qualitative differences are many and material including the PSLRA Notice, unlike the Esposito Notice, specifically mentioning Afterpay, the Transaction, CDIs and Securities Act claims.  *Compare* ECF No. 57-1 *with* ECF No. 26-3.  Similarly, in *Bombardier* Judge Schiendlin required new notice where an earlier complaint and notice failed to explicitly mention a particular security or transaction.  2005 WL 1322721, at \*2.  Also instructive is *In re Cloudera, Inc. Sec. Litig.*, 2020 WL 1288362, at \*3 (N.D. Cal. Mar. 18, 2020), where a new notice was required when a new complaint "add[ed] an entire group of putative class members who did not *purchase* Cloudera common stock, but rather *acquired* Cloudera stock in exchange for their Hortonworks stock upon [in a] merger[.]"  Here, The Esposito Notice similarly does not mention the Transaction.  No Afterpay shareholder having previously moved to be appointed a lead plaintiff (*see* ECF Nos. 18-35) further evidences that the Esposito Notice failed to properly inform Afterpay shareholders that they were included in the putative class or could move to be lead plaintiff.  *Id.*

A new notice was also statutorily required because Congress created separate lead plaintiff provisions within the PSLRA: one in the Exchange Act, 15 U.S.C. §78u-4(a)(3), and another in the Securities Act, 15 U.S.C. §77z-1(a)(3).  The Securities Act lead plaintiff provision independently *requires* publication of a notice for the first-filed action asserting a Securities Act

claim. *See* 15 U.S.C. §77z-1(a)(1) (establishing procedures for Securities Act class action); and 15 U.S.C. §77z-1(a)(3)(A)(i) & (ii) (requiring notice for first-filed Securities Act class action). Here, the *Hart* action was the first case alleging Securities Act claims and, therefore, the PSLRA Notice was required to be made and controls selection of the Securities Act lead plaintiff. OIP respectfully submits that the Securities Act claim sharing a factual nexus through the Data Breach does not obviate the need for such notice because the statutory scheme already creates an exception for a second filed *Securities Act* case but *not* when the first-filed action was an Exchange Act case. *See* 15 U.S.C. §77z-1(a)(3)(B)(ii); *accord* 15 U.S.C. §78u-4(a)(3)(A)(ii) (similar Exchange act provision). The Supreme Court long ago held that the statutory language of the federal securities law controls the outcome of cases with the most notable example being the elimination of a private cause of action for aiding and abetting an Exchange Act §10(b) violation despite decades of jurisprudence including 11 Courts of Appeals decisions upholding precisely such a claim. *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 175-76, 191 (1994); *id.* at 192 (Stevens, J., dissenting) (applying statutory language even while recognizing the Courts of Appeals unanimously held to the contrary).

**B.    Sotiropoulos Cannot Serve as Lead Plaintiff for the Securities Act Claims Based upon the Statutory Language of the Relevant Securities Act Provision**

OIP has previously explained that the use of the phrase "this chapter" by the relevant statutory provisions relating to appointing a lead plaintiff contained in the Securities Act requires that a Securities Act lead plaintiff have standing to pursue Securities Act claims. *See* ECF No. 62 at 6-7. Sotiropoulos, in a footnote, contends that OIP is mistaken in its interpretation of the Securities Act because the cases interpreting the term "this chapter" did not involve lead plaintiff appointment. *See* ECF No. 69 at 10 n.1. However, there exists no sound reason to believe that the

4

phrase "this chapter" means something different in the context of appointing a lead plaintiff. Indeed, Sotiropoulos fails to explain why or how those cases misinterpreted the phrase or even offer an alternative explanation or interpretation of "this chapter." *See IBP, Inc. v. Alvarez*, 546 U.S. 21, 22 (2005) ("identical words used in different parts of the same statute are generally presumed to have the same meaning").

Instead, Sotiropoulos accuses OIP of engaging in a "grand misstatement of law" that ignores the Second Circuit's decision in *Hevesi v. Citigroup, Inc.*, 366 F.3d 70 (2d Cir. 2004). *See* ECF No. 69 at 19. *Hevesi* however, is not on point, because it does not address OIP's statutory argument but, instead, as previously explained, only held that there exists no *per se* rule that a lead plaintiff must have standing to bring *every* available claim and a class representative must first be appointed a PSLRA lead plaintiff. *See* ECF No. 62 at 8-9.

The other authorities cited in Sotiropoulos' page-long string cite similarly fail to analyze the meaning of "this chapter" as used in the Securities Act's lead plaintiff provisions. Ironically, in the most recent of those cases, Judge Liman was motivated, at least in part, by the proposed lead plaintiffs "hav[ing] standing to bring claims under both the Securities Act and the [] Exchange Act." *Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808, at *6 (S.D.N.Y. June 12, 2020).[2]

---

[2] The vast majority of the cited cases simply opine that an investor having standing to assert an Exchange Act claim may act as lead plaintiff for the Exchange Act claims of investors who purchased a different class or type of securities. *See, e.g.*, *Glick v. Arqit Quantum Inc.*, 2023 WL 2764741, at *6 (E.D.N.Y. Mar. 31, 2023); *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 266 (S.D.N.Y. 2019); *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, 2015 WL 1345931, at *4 (S.D.N.Y. Mar. 19, 2015); *In re Bear Stearns Companies, Inc. Sec., Derivative, & Erisa Litig.*, 2009 WL 2168767, at *1 (S.D.N.Y. July 16, 2009). One case allowed an investor having Securities Act claims to serve as lead plaintiff for Securities Act claims relating to other offerings. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008). *In re OSI Pharms.*, 2005 WL 6171305 (E.D.N.Y. Sept. 21, 2005), endorses Sotiropoulos' reading of *Hevesi* but does so without analyzing the relevant statutory provisions of the Securities Act.

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012), upon which Sotiropoulos relies, fails to support his assertion that he has class standing to pursue the Securities Act claims. *NECA-IBEW*, instead, only held that a plaintiff with Securities Act claims may represent purchasers of other securities based on the same misrepresentations because it had "statutory standing in its own right." *Id.* at 158. *NECA-IBEW*, however, does not endorse or address allowing a plaintiff with Exchange Act claims to serve as a class representative for Securities Act claims. *See, e.g.*, *Yi Xiang v. Inovalon Holdings, Inc.*, 327 F.R.D. 510, 520 (S.D.N.Y. 2018) (dismissing claims and holding that "Lead Plaintiff does not have statutory standing in its own right to pursue a claim under Section 12(a)(2)." (citing *Stadnick v. Vivint Solar, Inc.,* 2015 WL 8492757, at *17 (S.D.N.Y. Dec. 10, 2015), *aff'd*, 861 F.3d 31 (2d Cir. 2017) ("*NECA-IBEW* is frequently misread, usually, as here, in an attempt to create standing where standing does not exist."))

## C.    Sound Principles of Case Administration Also Favor Appointing OIP as Lead Plaintiff for the Securities Act Claims

In securities frauds stretching over several years with multiple securities offerings courts have often held that appointing separate lead plaintiffs would defeat the underlying congressional purpose of the lead plaintiff provision. *See* ECF No. 62 at 8-9 (citing *In re Initial Pub. Offering Sec. Litig.,* 214 F.R.D. 117 (S.D.N.Y. 2002); *In re Prudential Sec. Inc. Ltd. P'ships Litig.,* 163 F.R.D. 200, 208 (S.D.N.Y. 1995); *In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 280 (S.D.N.Y. 2003)). *In re Enron Corp., Sec. Litig.,*   206 F.R.D. 427, 451 (S.D. Tex. 2002), also cited by Sotiropoulos (ECF No. 69 at 18), implicates the same concerns and is perhaps the paradigm of a far-flung securities fraud requiring a single lead plaintiff. Those concerns, however, are not present here because the number of lead plaintiffs needed here (two) is a manageable number. As OIP has

6

previously explained, this case involves a four-month class period with the only Securities Act claims being those relating to the Transaction.  *See* ECF No. 62 at 8-9.

In addition, in other cases, lead plaintiffs committed to including a class representative having standing to pursue the Securities Act claims.  *See, e.g.*, *Parot v. Clarivate Plc*, 2022 WL 1568735, at \*6 (E.D.N.Y. May 18, 2022).  Here, in contrast, Sotiropoulos has already failed to timely add a plaintiff with standing to assert the Securities Act claims.  Instead, the limitations period for those claims expired on April 3, 2023, by which time Sotiropoulos had failed to take any action to add as a plaintiff any former Afterpay shareholder having standing to assert Securities Act claims as a class representative.[3]

Sotiropoulos seeks to paper over his failure by asserting – without any evidentiary support – that former Afterpay shareholders will be added to a proposed amended complaint.  ECF No. 69 at 15 n.3.  However, that does not absolve Sotiropoulos from having failed to do so within the limitations period because the relation back doctrine will make any such claims timely by relating back to Hart's filing of Securities Act claims.  Instead, Hart lacking standing to pursue Securities Act claims (*see* ECF No. 62 at 4) means that any new plaintiff "cannot benefit from the relation back doctrine because those plaintiffs who originally filed suit did not allege stock purchases traceable to any of [the] offerings and, thus, lacked standing."  *In re Magnum Hunter Res. Corp. Sec. Litig.*, 616 F. App'x 442, 447 (2d Cir. 2015) (citations omitted); *see also Police & Fire Ret. Sys. v. IndyMac MBS, Inc.*, 721 F.3d 95, 110-12 (2d Cir. 2013) (an intervenor seeking to assert

---

[3]    It is black letter law that §12(a)(2) claims must be "brought within one year after the discovery of the untrue statement."  15 U.S.C. §77m.  Here, the relevant disclosure took place on April 4, 2022.  See ECF No. 1 at ¶19.  Accordingly, the limitations period expired on April 3, 2023.  *See, e.g., Kang v. Hybrid Trade Ltd.,* 2022 WL 2035962, at \*2–3 (C.D. Cal. Feb. 15, 2022) (computing limitation period for Securities Act claims).

Securities Act claims cannot relate back under Rule 15(c) where the original named plaintiff lacked standing to assert those claims).

**D.    There Exists No Meritorious Reason for Not Appointing OIP Lead Plaintiff**

Sotiropoulos suggests that OIP should not serve as lead plaintiff, accusing it of having filed a copycat complaint.  *See* ECF No. 69 at 2, 7, 24 n.8.  This attack is misplaced as OIP, through counsel, thoroughly investigated the former Afterpay shareholders' claims resulting in the filing of a class action complaint containing relevant original work product and properly pleading §12(a)(2) as the only cognizable Securities Act claim.  This is evident in OIP, unlike Hart, making detailed allegations regarding the contents of the offering document underlying the §12(a)(2) claim.  *Compare* OIP Complaint ¶¶18-25; *with Hart* Complaint (mentioning the Scheme Booklet once, in ¶33, in a block quote from the press release disclosing the Transaction).

OIP's complaint is also carefully crafted to only name defendants who solicited the relevant purchases of Block securities as defendants on the §12(a)(2) claim.  *See OIP* Complaint ¶¶20, 47-58.  That Official Intelligence may have reviewed the *Hart* complaint is neither surprising nor untoward, especially since the PSLRA gives no preference to the first filed plaintiff.  *See, e.g.*, *In re Enzymotec Ltd. Sec. Litig.*, 2015 WL 918535, at *1 (D.N.J. Mar. 3, 2015).  Indeed, the review of Hart's certification allowed OIP to realize that Hart lacked standing to assert the Securities Act claims and absent the filing of new action those claims would become untimely.[4]

---

[4]    Sotiropoulos' criticism of Official Intelligence for declining to assert Section 12(a)(1) claims (ECF No. 69 at 24 n.8) is also unjustified.  Instead, OIP concluded that such claim would be highly challenging given that the plain meaning of the language of §3(a)(10) of the Securities Act providing an exemption from registration upon approval of a transaction by a foreign court. 15 U.S.C. §77c(a)(10).  In addition, the §12(a)(1) claims alleged by Plaintiff Hart are premised upon a misrepresentation, already asserted by Section 12(a)(2) claims.

Sotiropoulos, in contrast, has not provided any information concerning the identity or transactions in CDIs by former Afterpay shareholders purportedly poised to join this action under Sotiropoulos's direction.  It is unclear, for example, whether those unnamed investors sold their CDIs before April 4, 2022, when the Data Breach was disclosed, causing them to lack standing to assert the claims.  *See, e.g.*, *Porzio v. Overseas Shipholding Grp.*, 2013 WL 407678, at *3 (S.D.N.Y. Feb. 1, 2013).  Indeed, even if those issues are solved, there is still a material risk that they will be unable to serve as class representatives.  *See, e.g., Decastro v. City of N.Y.*, 2020 WL 4932778, at *9 n.17 (S.D.N.Y. Aug. 24, 2020) (Abrams, J.) ("[a] would-be class representative who commences suit after expiration of the limitation period ... can hardly qualify as diligent in asserting claims and pursuing relief.") (quoting *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1808 (2018)).

E.    **The Securities Act Claims Should Proceed Separately Even if the Cases Remain Consolidated**

OIP's primary motive in opposing consolidation was to protect the interests of the former Afterpay shareholders to ensure independent leadership of the Securities Act claim.  Sotiropoulos, in contrast, has no interest in obtaining or maximizing the potential recovery from those claims. *See* ECF No. 62 at 9-11.  This reality is already apparent at this early stage of the litigation, Sotiropoulos having failed to take the steps necessary to fully protect the Securities Act claims from being dismissed as untimely.  *See* Point C, *supra*.  Therefore, OIP believes the separate nature

---

OIP's complaint also omitted Section 10(b) claims to avoid any possibility of incorporating fraud by reference where the Section 10(b) claims would not increase the available damages and impose higher burden of proof.  *See, e.g.*, *NECA-IBEW*, 693 F.2d at 156-57.  In addition, the only "verbatim" similarities (Opp. at 15 n.4) are standard pleading language and quotes from SEC filings.

of the Securities Acts should be recognized even if the cases remain consolidated and that coordination, rather than consolidation would achieve those objectives.

## CONCLUSION

OIP should be appointed lead plaintiff for the Securities Act claims and the Court should exercise its discretion to either coordinate or consolidate those claims with the Exchange Act case.

DATED:  May 15, 2023

_s/_ Jeffrey S. Abraham
Jeffrey S. Abraham
Michael J. Klein
**ABRAHAM, FRUCHTER &**
    **TWERSKY, LLP**
450 Seventh Avenue, 38th Fl.
New York, New York 10123
Tel:    (212) 279-5050
Fax:    (212) 279-3655
Email: jabraham@aftlaw.com
        mklein@aftlaw.com

**BRONSTEIN, GEWIRTZ &**
    **GROSSMAN, LLC**
Peretz Bronstein
Yitzchak Eliezer Soloveichik
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel:    (212) 697-6484
Fax:    (212) 697-7296
Email: peretz@bgandg.com
        soloveichik@bgandg.com

_Counsel for Plaintiff Official Intelligence_

10