**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **IN RE BLOCK, INC. SECURITIES LITIGATION** | Master Case No.  1:22-cv-08636-RA <br><br> CLASS ACTION |
| **This Document Relates To:  All Actions** | **DEFENDANTS' OBJECTION TO OFFICIAL INTELLIGENCE'S PROPOSAL FOR FILING OF TWO SEPARATE COMPLAINTS** |

Defendants Block, Inc., Jack Dorsey, Amrita Ahuja, Anthony Eisen, and Jim McKelvey ("Defendants") respectfully submit this objection to Plaintiff Official Intelligence, Pty Ltd.'s ("Official Intelligence") proposal that Plaintiffs file *two* separate complaints in this consolidated action—one complaint filed by co-lead Plaintiff Official Intelligence (represented by Abraham/Bronstein) setting forth Securities Act claims, and a separate complaint filed by co-lead Plaintiff Fotios Sotiropoulos ("Sotiropoulos") (represented by Hagens Berman) setting forth Exchange Act claims—rather than a single consolidated complaint.  *See* Proposed Plan for Sharing Litigation Responsibilities and Request for Case Management Conference, Dkt. No. 81.

Official Intelligence's proposal is contrary to the Court's February 15, 2024 opinion and order consolidating Official Intelligence's Securities Act action with Sotiropoulos's Exchange Act action.  *See* Dkt. No. 80 ("Opinion & Order").  The Court's Opinion & Order could not have been clearer that Sotiropoulos and Official Intelligence, as co-lead Plaintiffs, must file *a single* consolidated complaint.  After finding that these securities actions "each involve common factual questions" and share "common defendants," Opinion & Order at 6, the Court concluded that any "minor difference[s]" between the Securities Act and Exchange Act claims "can be resolved

1

through the filing of *a consolidated complaint*," *id.* (emphasis added), and ordered counsel for Official Intelligence and Sotiropoulos to provide the Court with "a proposed schedule for the submission of *an* amended complaint," *id.* at 21 (emphasis added).  That the Court contemplated the filing of one consolidated complaint is no surprise: that is the precise purpose of consolidating multiple related putative securities class actions.  Indeed, the cases on which the Court relied in granting consolidation of these matters likewise directed the filing of a single consolidated complaint.  *See, e.g.*, *In re Facebook, Inc., IPO Sec. & Deriv. Litig.*, 288 F.R.D. 26, 36 (S.D.N.Y. 2012) ("the determination of which claims to assert in *the consolidated complaint* will be determined by the Court-appointed lead plaintiff" (emphasis added)); *id.* at 42 ("all potential causes of action will have to be evaluated for its merits in framing *a consolidated amended complaint*" (emphasis added)); *Olsen v. N.Y. Cnty. Bancorp, Inc.*, 233 F.R.D. 101, 105 (E.D.N.Y. 2005) (minor differences between actions "can be resolved when the appointed lead plaintiff files *a consolidated complaint*" (emphasis added)).

Allowing these related securities actions to proceed separately—via two individual complaints subject to separate rounds of motion to dismiss briefing—would effectively *de*-consolidate them, thereby granting Official Intelligence's request that these actions proceed only in a "coordinated" manner.  *See* Dkt. No. 62 at 13.  But that would be the opposite of what the Court ordered:  The Court expressly "denied" Official Intelligence's request and its "objections to the consolidation of its action" with the Exchange Act action.  *See* Opinion & Order at 1, 5-7.

Moreover, permitting the filing of two separate complaints would eviscerate the "interests of judicial economy, timeliness, and cost reduction" that the Court's Opinion & Order sought to preserve.  *Id.* at 5 (internal citation marks omitted).  As one of the cases relied on by the Court recognizes, rejecting consolidation "unnecessarily create[s] two distinct and parallel securities

litigation cases" and would result in "a fractious litigation of duplicative efforts and unnecessary costs and delays." *In re Facebook*, 288 F.R.D. at 35-36.  But that is the precise result that would follow if the Court were to permit the filing of two separate complaints, obtaining little (if any) of the benefits of consolidation.  Litigating this consolidated action based on two separate complaints will not "streamline motion practice and discovery, facilitate settlement discussions when appropriate and prevent inconsistent rulings on the same issues." *Id.* at 42-43.  It will instead result in "duplicative efforts, wasting both the Court's time and the parties' time and money." *In re Gen. Elec. Sec. Litig.*, 2009 WL 2259502, at *3 (S.D.N.Y. July 29, 2009).  Indeed, in appointing Official Intelligence and its counsel as "co-lead[s]," the Court explicitly cautioned against any "duplicative expenses," and warned that its appointment of Official Intelligence's counsel as "co-lead counsel" was "subject to submission of an acceptable plan for sharing litigation responsibilities."  Opinion & Order at 21 (internal citation marks omitted).  Official Intelligence's proposal of litigating this consolidated action based on two separate complaints is the opposite of an acceptable plan.

Accordingly, Defendants respectfully request that the Court reject Official Intelligence's proposal and instead enter the following schedule proposed by Sotiropoulos, which, consistent with the Court's Opinion & Order, calls for the filing of a single consolidated amended complaint:

- Filing of a single consolidated amended complaint by April 12, 2024.

- Any motion to dismiss or other response due by June 13, 2024.

- Any opposition due by August 14, 2024.

- Any reply due by September 13, 2024.

In the alternative, Defendants respectfully request that the Court set a scheduling or status conference with the parties to address this dispute.

Dated:  March 4, 2024

Respectfully Submitted,

By: */s/ Alexander K. Talarides*

ALEXANDER K. TALARIDES
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
atalarides@orrick.com

JENNIFER M. KEIGHLEY
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
Facsimile: (212)  506-5151
jkeighley@orrick.com

*Attorneys for Defendants Block, Inc., Jack Dorsey,*
*Amrita Ahuja, Anthony Eisen, and Jim McKelvey*

4