**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BLOCK, INC. SECURITIES LITIGATION | No. 22-cv-8636 (MMG) <br><br> <u>CLASS ACTION</u> |

### OFFICIAL INTELLIGENCE, PTY LTD.'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE FILING OF SEPARATE COMPLAINTS

Plaintiff Official Intelligence, Pty Ltd. ("OIP" or "Official Intelligence") respectfully submits this response to the objection filed by Defendants. ECF No. 82.

Consolidation is a procedural device designed to promote judicial economy but it "cannot effect a physical merger of the actions or the defenses of the separate parties." *Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354, 1358 (2d Cir. 1975) (citations omitted); *see also Hall v. Hall*, 584 U.S. __, 138 S. Ct. 1118 (2018) (holding that in general, consolidated actions retain their separate identities). The mere act of consolidating two cases, therefore, does not necessarily mean that the plaintiffs will need to file a single consolidated complaint. *See, e.g.*, *Gustin v. Doskocil Mfg. Co.*, 2016 WL 3638106, at *1 n.1 (D. Nev. July 7, 2016) (recognizing that, after consolidation, "there remain two separate (though consolidated) cases with their own operative complaints"); *Powell v. Freedom Fin. Network*, 2018 WL 3110053, at *2 (D. Ariz. June 25, 2018) (recognizing there were two operative complaints in a consolidated action); *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2022 WL 393208, at *1 n.1 (N.D. Cal. Feb. 9, 2022) (same); *Komatsu v. City of New York*, 2021 WL 3038498, at *1 & n.1 (S.D.N.Y. July 16, 2021) (recognizing it was a consolidated action with nine operative complaints filed by the same plaintiff).

Defendants have not pointed to any judicial efficiencies which would arise from requiring that OIP plead the claims it is asserting arising under the Securities Act of 1933 (the "Securities Act") in a joint complaint with the claims arising under the Securities Exchange Act of 1934 (the

"Exchange Act").  Nor do there seem to be any such efficiencies with respect to at least the pleading of the claims since Official Intelligence's Securities Act claims are dependent on the solicitations through which it and other former shareholders of Afterpay acquired Block securities. *See* ECF No. 80 at 13.  In contrast, the Exchange Act claim as originally alleged makes no reference to those solicitations directed to OIP and other Afterpay shareholders and, instead, is based upon statements made in U.S. Securities and Exchange Commission ("SEC") filings.  *See* ECF No. 1 at ¶¶16-17.

Instead, Defendants contend that the Court previously ordered that such a combined complaint be filed.  However, the Court made no such explicit statement and Defendants' argument is, instead, based upon the equivalent of reading tea leaves by combining statements used 15 pages apart in the Order and seeking to draw inferences from cases cited.  Indeed, if anything, the Court declined to use the term "***consolidated*** complaint" in asking for a proposed schedule for an "***amended*** complaint."  Indeed, even if Judge Abrams had intended to provide for such a result in her decision, it is not binding upon this Court in determining the most efficient way to proceed in this action.

OIP's concern in filing a consolidated complaint with the Exchange Act plaintiffs is that doing so needlessly subjects the Securities Act claims to an increased chance of dismissal. Specifically, the Securities Act claims need not plead (or prove) scienter (*i.e.*, that defendant intentionally, recklessly, or negligently made the alleged misrepresentation or omission).  *See, e.g., In re Bernard L. Madoff Inv. Sec. LLC*, 12 F.4th 171, 194 (2d Cir. 2021), *cert. denied sub nom. Citibank, N.A. v. Picard*, 212 L. Ed. 2d 217, 142 S. Ct. 1209 (2022) (citations omitted).  In contrast, Exchange Act claims are subject to the heightened pleading standard requiring that a "strong inference" of scienter – which is not even an element of Section 12(a)(2) claim – be alleged.  *See*

15 U.S.C. §78u-4(b)(2)(A); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). The Securities Act claims, however, can be subject to a heightened pleading standard when they sound in fraud.  *See, e.g.*, *Saskatchewan Healthcare Employees' Pension Plan v. KE Holdings Inc.*, 2024 WL 775195, at *31 (S.D.N.Y. Feb. 26, 2024) (citing *Rombach v. Chang*, 355 F.3d 164, 171 *2d Cir. 2004)).

The incorporation of fraud by reference often occurs notwithstanding the best efforts of the Securities Act claims to avoid sounding in fraud. *See, e.g., In re MINISO Group Holding Ltd. Secs. Litig.*, 2024 WL 759246, at *10–11 (S.D.N.Y. Feb. 23, 2024).  Thus, although OIP would try its very best to avoid adopting the scienter allegations necessary to successfully alleging an Exchange Act claim, it is a risk that it would rather not assume.

Nor is there any merit to Defendants' contention that the Court, by rejecting OIP's objection to consolidation, rejected the need or possibility of two separate complaints.  That issue was not addressed by the Court, as OIP pellucidly stated that it was objecting to consolidation "to the extent it could be read to make Plaintiff Sotiropoulos lead plaintiff or provide his counsel with authority to make decisions with respect to litigating the Securities Act claims."   ECF No. 62 at 6.

Official Intelligence attempted to bridge the gap with Defendants by stating that it would agree to a combined complaint if Defendants agreed to forego any argument for dismissing the Securities Act claims based upon a fraud by incorporation argument.  Defendants, however, declined to agree, evidencing that their desire for a single consolidated complaint is driven by tactical considerations rather than considerations of judicial efficiency.  Moreover, considering the foregoing, if OIP is forced to file a consolidated complaint, that complaint is likely to be no less lengthy or complex than two separate complaints, and may have to proceed without incorporating

prior allegations by reference into the Securities Act claims.  Such a complaint would effectively negate the efficiencies which Defendants are purportedly seeking.

DATED:  March 7, 2024

_s/ Jeffrey S. Abraham_

Jeffrey S. Abraham
Michael J. Klein
**ABRAHAM, FRUCHTER &
    TWERSKY, LLP**
450 Seventh Avenue, 38th Fl.
New York, New York 10123
Tel:    (212) 279-5050
Fax:    (212) 279-3655
Email: jabraham@aftlaw.com
        mklein@aftlaw.com

**BRONSTEIN, GEWIRTZ &
    GROSSMAN, LLC**
Peretz Bronstein
Yitzchak E. Soloveichik
Eitan Kimelman
60 East 42nd Street, Suite 4600
New York, NY 10165
Tel:    (212) 697-6484
Fax:    (212) 697-7296
Email: peretz@bgandg.com
        soloveichik@bgandg.com
        eitank@bgandg.com