

**Orrick, Herrington & Sutcliffe LLP**

THE ORRICK BUILDING
405 HOWARD STREET
San Francisco, CA 94105-2669

+1 415 773 5700

**orrick.com**

**Alexander K. Talarides**

E  atalarides@orrick.com
D  +1 415 773 4254
F  +1 415 773 5759

November 4, 2024

*Via ECF*

Hon. Margaret M. Garnett
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 906
New York, NY 10007

Re:     *In re Block, Inc. Securities Litigation*, Case No. 1:22-cv-08636-MMG

Dear Judge Garnett:

Defendants in the above-captioned matter write in response to Plaintiffs' October 31, 2024 submission of *In re Qutoutiao Inc.*, 2024 WL 4588491 (2d Cir. Oct. 28, 2024) as a supplemental authority regarding whether Plaintiffs' "Securities Act claims sound in fraud."  ECF No. 96.

*Qutoutiao* does not assist Plaintiffs.[1]  First, *Qutoutiao* affirms the well-settled principles from *Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) that require Rule 9(b) to apply to the Securities Act claims here.  *See Qutoutiao*, 2024 WL 4588491 at *2 (citing *Rombach*'s instructions to focus on "the conduct alleged," not how allegations are styled or nominal disclaimers); *see also* ECF No. 93 at 6-7 (citing *Rombach*, 355 F.3d at 171-72).

Second, despite Plaintiffs' suggestion, Defendants do not contend that Rule 9(b) applies to the Securities Act claims here merely because those claims are "part of a single complaint" with Plaintiffs' claims under the Exchange Act.  Instead, Rule 9(b) applies because the Securities Act claims mirror the same theories and factual allegations of Plaintiffs' fraud-based Exchange Act claims.  *See* ECF No. 93 at 6-7; ECF No. 95 at 14.  *Qutoutiao* neither addresses nor purports to overturn the well-established rule that, "[i]n cases involving nearly identical Securities Act and Exchange Act claims . . . courts in this District apply the heightened pleading standard [of Rule 9(b)]."  *In re MINISO Grp. Holding Ltd. Sec. Litig.*, 2024 WL 759246, at *10 (S.D.N.Y. Feb. 23,

---

[1] Notably, as Defendants' briefing demonstrates, Plaintiffs' Securities Act claims fail for multiple reasons *irrespective* of whether those claims sound in fraud and Rule 9(b) applies to them.



Hon. Margaret M. Garnett
November 4, 2024
Page 2

2024).  In fact, *Qutoutiao* acknowledges that "claims sound in fraud [where] they are identical to . . . fraud claims under § 10(b)." 2024 WL 4588491 at *1 (citation omitted).

Third, the allegations in *Qutoutiao* were explicitly contrasted from cases like this one where the plaintiffs "allege[] that defendants intentionally concealed information in the filing[s] at issue."  *Id.* at *3.  Here, as part of their Exchange Act claims, Plaintiffs allege that Defendants knew and were motivated to conceal the same adverse facts that were allegedly concealed in violation of the Securities Act.  *See* ECF No. 87 at ¶¶ 64, 71, 114-32, 146.

Respectfully submitted,

*/s/ Alexander K. Talarides*

Alexander K. Talarides

cc:      All Counsel (via ECF)