

ABRAHAM, FRUCHTER & TWERSKY, LLP

November 11, 2024

Hon. Margaret M. Garnett
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 906
New York, NY 10007

**Re: In re Block, Inc. Securities Litigation, Master Case No. 1:22-cv-08636-MMG**

Dear Judge Garnett:

I am counsel for Lead Plaintiff Official Intelligence Pty Ltd. ("OIP") and write with respect to Defendants' November 4, 2024 letter addressing the Second Circuit's recent decision in *In re: Qutoutiao Inc.,* 2024 WL 4588491 (2d Cir. Oct. 28, 2024). ECF No. 97. Defendants' letter responds to OIP's original submission which only referenced *Qutoutiao*'s holding and the places in the prior briefing where the issue had been addressed. ECF No. 96.

Defendants contend that the claims asserted by OIP arising under the Securities Act of 1933 (the "Securities Act") "mirror the same theories and factual allegations" of the claims asserted by other lead plaintiffs – but not OIP – arising under the Securities Exchange Act of 1934 (the "Exchange Act"). Defendants' suggestion that the Securities Act claims incorporate the Exchange Act claims is inconsistent with the Complaint. OIP's Securities Act claims end before the Exchange Act claims are pled. Any overlap is a function of the Exchange Act claims incorporating the Securities Act claims. *See* ECF No. 87 (Amended Complaint) ¶97 (incorporating the Securities Act claims allegations into the Exchange Act claim). Specifically, OIP alleges that Block made statements that were untrue while under a duty to ensure their accuracy. Id. ¶44 (duty imposed by the Scheme Booklet); ¶89 (duty imposed by the Securities Act). The Exchange Act plaintiffs, in contrast, allege that these and other statements were knowingly and intentionally false. *Id.* ¶¶115-132. After relying on some of the same misrepresentations, OIP follows *Qutoutiao*'s roadmap by separately outlining the factual predicate for the negligence claims (*id.* at ¶¶ 26-48, 63-64) while disclaiming fraud and scienter (*id.* ¶84) and distinguishing between the factual allegations made by OIP in its Securities Act claims from the Exchange Act allegations recharacterizing those events as involving scienter. *Compare* ECF 87 at ¶¶64, 71 (allegations sounding in negligence) *with* ¶¶114-132, 146 (allegations sounding in fraud). *Qutoutiao,* 2024 WL 4588491, at *2 (describing the efforts taken by the plaintiffs to distinguish the fraud and negligence portions of the complaint, but not *vice versa*).

Indeed, if anything, the facts here are stronger than in *Qutoutiao* which involved a single plaintiff alleging the same misrepresentations supporting both Securities Act and Exchange Act claims. *Id.* at *1. Here, in contrast, OIP is the only lead plaintiff asserting Securities Act claims and does *not* assert Exchange Act claims. *See* ECF No. 87 at pp. 31, 34 (the Securities Act claims are "[b]rought by OIP, [o]nly"); *id.* at pp. 56, 58 (the Exchange Act claims are "[b]rought by

NEW YORK  tel: 212.279.5050  fax: 212.279.3655     CALIFORNIA  tel: 310.279.5125  fax: 212.279.3655     aftlaw.com
450 Seventh Avenue, 38th Floor, New York, NY 10123     9440 Santa Monica Blvd., Suite 301, Beverly Hills, CA 90210



Hon. Margaret M. Garnett
November 11, 2024
Page 2

Sotiropoulos and Sawyer, Only").  Indeed, OIP previously unsuccessfully sought leave to file its own separate complaint.  ECF No. 81.

Respectfully Submitted,

Jeffrey S. Abraham