

December 20, 2024

*Via ECF*

Hon. Margaret M. Garnett
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 906
New York, NY 10007

**Orrick, Herrington & Sutcliffe LLP**

THE ORRICK BUILDING
405 HOWARD STREET
San Francisco, CA 94105-2669

+1 415 773 5700

**orrick.com**

**Alexander K. Talarides**

E  atalarides@orrick.com
D  +1 415 773 4254
F  +1 415 773 5759

Re:     *In re Block, Inc. Securities Litigation*, Case No. 1:22-cv-08636-MMG

Dear Judge Garnett:

Defendants write in response to Plaintiffs' December 19, 2024 notice of the U.S. Supreme Court dismissing as improvidently granted writs of certiorari over the Ninth Circuit's opinions in *E. Ohman J:or Fonder AB v. NVIDIA Corp.*, 81 F.4th 918 (9th Cir. 2023) and *In re Facebook, Inc. Sec. Litig.*, 87 F.4th 934 (9th Cir. 2023). *See* ECF No. 99. To the extent Plaintiffs seek to reiterate their reliance on the Ninth Circuit's opinions, that reliance remains misplaced.

The Ninth Circuit's opinion in *NVIDIA* regarding the use of an alleged expert opinion to plead a securities claim does not govern here. *See* ECF No. 95 at 5 n.7. In the Second Circuit, while a plaintiff may "bolster" an otherwise adequately pled complaint with a "*nonconclusory* [expert] opinion," "*opinions cannot substitute for facts under the PSLRA*." *Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 354 (2d Cir. 2022) (emphases added). Thus, in the Second Circuit, an alleged expert opinion "cannot rescue" a securities claim "unless th[e] opinion [is] *based on particularized facts sufficient to state a claim for fraud*." *Id.* (emphasis added). Because the Supreme Court did not rule on the *NVIDIA* appeal, much less adopt a contrary standard, that remains the law here. In any event, *NVIDIA* is distinguishable because, unlike here, the alleged expert opinion there was not conclusory and was supported by "both internal information and witness statements" that were alleged with particularity in the complaint. 81 F.4th at 942; *see* ECF No. 93 at 13-14, 22.

The Ninth Circuit's opinion in *Facebook* is likewise distinguishable and lends Plaintiffs no support. *See* ECF No. 95 at 3 n.5. There, unlike here, the plaintiffs "pleaded with particularity" Facebook's knowledge of a data breach at the time of the challenged statements—and those statements "directly contradicted what [Facebook] knew at the time such that … Facebook 'knew [the] risk [of breach] had come to fruition' and 'chose to bury it.'" 87 F.4th at 949-50. In this case,



Hon. Margaret M. Garnett
December 20, 2024
Page 2

Plaintiffs do not allege any specific facts to show that Defendants knew of the data incident prior to any of the challenged statements. *See* ECF No. 93 at 19-24.

Respectfully submitted,

*/s/ Alexander K. Talarides*

Alexander K. Talarides

cc:    All Counsel (via ECF)