**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BLOCK, INC. SECURITIES LITIGATION | No. 1:22-cv-08636 (MMG) |
| | CLASS ACTION |
| | DEMAND FOR JURY TRIAL |

**MEMORANDUM OF LAW IN SUPPORT OF**
**OFFICIAL INTELLIGENCE PTY. LTD.'S MOTION FOR RECONSIDERATION**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................ 1

RELEVANT PROCEDURAL HISTORY ........................................................................... 1

LEGAL STANDARD.......................................................................................................... 2

ARGUMENT....................................................................................................................... 3

CONCLUSION.................................................................................................................... 6

Official Intelligence Pty. Ltd. ("OIP"), lead plaintiff for the Securities Act of 1933 (the "Securities Act") claims, by and through its undersigned counsel, respectfully submits this memorandum of law in support of its Motion for Reconsideration of the Court's September 9, 2025 Opinion & Order (ECF No. 101) (the "Order") pursuant to Local Civil Rule 6.3.[1]

## INTRODUCTION

This Court should reconsider the Order to the extent it dismissed the claims asserted by OIP arising under Section 12(a)(2) of the Securities Act, 15 U.S.C. §77$l$(a)(2).  Controlling law, including the statutory language of Section 12(a)(2), provides that OIP is not required to allege that Block knew of the December 10, 2021 data incident.  Instead, any defense based on Block's claimed lack of knowledge when OIP voted, pursuant to the Scheme Booklet, to exchange its Afterpay securities for Block securities can only serve as an affirmative defense to a Section 12(a)(2) claim.  Therefore, and as discussed below in greater detail, this Court should reconsider its dismissal of, and deny Defendants' motion to dismiss, OIP's Securities Act claims.

## RELEVANT PROCEDURAL HISTORY

On March 7, 2023, the Court entered an Order consolidating two putative securities class actions arising out of statements made by Block, Inc. ("Block" or the "Company").  The Order appointed Fotios Sotiropoulos as lead plaintiff and provided for the automatic consolidation of any subsequently filed action related to the alleged falsity of Block's statements with the consolidated action.   ECF No. 53.  On April 3, 2023, OIP filed a new putative class action asserting only Securities Act claims and moved to be appointed as lead plaintiff for those claims.  ECF No. 80 at 4. On April 7, 2023, OIP objected to defendants' notice of automatic case consolidation of its case into the consolidated action.  *Id.*  On February 15, 2024, this Court, with Judge Abrams presiding,

---

[1]     Capitalized terms undefined herein are defined in the Order.

overruled OIP's objection to consolidation but appointed OIP as the lead plaintiff for the Securities Act claims pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v). *Id.* at 20-21.

On March 1, 2024, in response to a Court order, Plaintiffs filed a Notice of Proposed Plan for Sharing Litigation Responsibilities and Request for a Case Management Conference in which OIP sought to file a separate Securities Act complaint. ECF No. 81 at p.4. OIP explained that a consolidated complaint would "needlessly subject[] the Securities Act claims to an increased chance of dismissal" because the Exchange Act claims must comply with Federal Rule of Civil Procedure 9(b) and require a strong inference of scienter, while the Securities Act claims are simply subject to notice pleading. ECF No. 83 at 2-3. Defendants and Sotiropoulos both objected to separate complaints. *Id.* 81 at p.4, ECF No. 82. The Court denied OIP's request and, instead, ordered that a single consolidated complaint be filed. ECF No. 84.

On April 15, 2024, OIP and Sotiropoulos filed a joint amended complaint asserting claims arising under both the Securities Act and the Securities Exchange Act of 1934. ECF No. 87. On June 13, 2024, Defendants moved to dismiss, and, on September 13, 2024, briefing with respect to that motion was fully completed. ECF Nos. 90-95. On September 9, 2025, the Court granted Defendants' motion to dismiss. ECF No. 101.

## LEGAL STANDARD

"A motion for reconsideration is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Medisim Ltd. v. BestMed LLC*, No. 10 CIV. 2463 SAS, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *In re BDC 56 LLC,* 330 F.3d 111, 123 (2d Cir. 2003)).

**ARGUMENT**

OIP's primary claim for relief arising under Section 12(a)(2) of the Securities Act is premised upon Block failing to disclose that a former employee had improperly downloaded the personal identifiable information ("PII") of approximately 8.2 million Block customers (the "Incident"). *See* ECF No. 87. This Court dismissed OIP's claim, finding that Plaintiffs failed to allege that Block knew of the Incident at the relevant times. Specifically, the Court held that:

> Plaintiffs **have not alleged that Block was aware of the Incident** by the date of the Special Meeting (just 4 days later). Accordingly, even if the Deed or Scheme Booklet created an actionable duty to disclose new information, Block was under no duty to disclose something of which it was unaware. *See* [*4FS Family, Inc. v. Lifchitz*, No. 21-903-cv, 2021 WL 5441264, at \*2 (2d Cir. Nov. 22, 2021) (summary order)] (in assessing Section 11 and 12(a)(2) claims, finding that the company is "under no duty to disclose litigation risk of which it is unaware.").

Order at 29-30 (footnote omitted) (emphasis added).

OIP respectfully submits that the Court's decision is in error because the only allegation to properly allege a Section 12(a)(2) claim is that a prospectus was materially false or misleading. *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 359 n.7 (2d Cir. 2010). "[P]laintiffs are not required to allege that defendants in [] Section 12 claims knew, or should have known, of any material omitted facts or misstatements at the pleading stage." *Winter v. Stronghold Digital Mining, Inc.*, 686 F. Supp. 3d 295, 306-07 (S.D.N.Y. 2023); *see also Fed. Hous. Fin. Agency for Fed. Nat'l Mortg. Ass'n v. Nomura Holding Am., Inc.*, 873 F.3d 85, 98 (2d Cir. 2017) (Section 12(a)(2) "accords relief to any person (1) who was offered or purchased a security 'by means of a prospectus or oral communication'; (2) from a statutory seller; (3) when the prospectus or oral communication 'includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading' and (4) the plaintiff did not 'know[ ] of such untruth or omission' at the time of sale").

Instead, once the plaintiff has properly alleged the elements of a Section 12(a)(2) claim, a defendant may avoid liability through a "reasonable care" affirmative defense if it "'did not know, and **in the exercise of reasonable care could not have known**, of [the] untruth or omission' at issue." *Id.* at 129 (2d Cir. 2017) (emphasis added) (citing 15 U.S.C. § 77*l*(a)(2)); *see also Winter, supra* (holding that the relevant issue, therefore, is whether "the misstatements or omitted facts must have been 'knowable'" which "is not the same as whether a defendant 'knew,' or 'should have known' of that fact.") (collecting cases including *Shetty v. Trivago N.V.*, 796 F. App'x 31 (2d Cir. 2019) (stating that Plaintiffs must plead facts to demonstrate that the omitted facts "were known or knowable)).

Instead, as is the case with other affirmative defenses, this reasonable care defense is generally "unavailing as a means of defeating a motion to dismiss pursuant to Rule 12(b)(6)." *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d at 359 n.7 ("Generally speaking, defendants bear the burden of demonstrating the applicability of [Section 12(a)(2)'s reasonable care affirmative defense], which [is] therefore unavailing as a means of defeating a motion to dismiss pursuant to Rule 12(b)(6)."); *accord Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 149 (2d Cir. 2024).

Here, Block has acknowledged "that a former employee downloaded certain reports of its subsidiary Cash App Investing LLC … on December 10, 2021 that contained some U.S. customer information." *See* ECF No. 87 at ¶33. Thus, because the Scheme Booklet and the Deed created a duty for Block to update the Afterpay shareholders until the date of the Special Meeting, which took place on December 14, 2021, Block had a duty to update or otherwise correct the Scheme Booklet the Afterpay shareholders regarding the Incident at some point between December 10, 2021 (the date of the Incident) and December 14, 2021 (the date of the shareholder meeting).

- 4 -

*City of Hialeah Employees' Ret. Sys. v. Peloton Interactive, Inc.* is on point in holding that risk disclosures become plausibly false or misleading after the risks materialize. No. 24-2803, 2025 WL 2457758, at *8 (2d Cir. Aug. 27, 2025). Here too, Block's Form 10-K incorporated by reference into the Scheme Booklet warned that there was a risk that Block's privacy and security measures might prove inadequate. *See* ECF No. 87 at ¶19. Disclosure of that risk, however, failed to adequately disclose that the Incident had, in fact, already occurred.

Plaintiff also respectfully submits that *4FS Family, Inc.*, upon which this Court relied (Order at 29-30), is not on point. *4FS Family*, as with the cases addressed by Judge Abrams in *Winter*, "turn[ed] on whether plaintiffs alleged that a defendant *could have known* of an alleged misstatement or omission—*i.e.*, whether the relevant event had already transpired at the time of the offering—not, as Defendants argue, on what the defendant knew or should have known." *Winter*, 686 F. Supp. 3d at 306 (emphasis in original). In *4FS Family*, however, the plaintiffs "failed to allege what, if any, percentage of the increase in litigation exposure occurred prior to December 10, 2019, the date of the registration statement, as opposed to the period between December 10 and the close of the quarter." 2021 WL 5441264, at *2. Thus, in context it is clear that the Second Circuit's statement that "a company is under no duty to disclose litigation risk of which it is unaware" is referring to litigation exposure risk arising after December 10, 2019, the date of the registration statement, which had not yet occurred and was therefore unknowable.

Here, in contrast, a former employee accessing PII "without permission after their employment ended" was a discrete event which Block's records confirmed transpired. Specifically, Block maintained lists of employees and logs of the individual's accessing the Company's network which could have been compared to discover the unauthorized access of the former employee as well as the information downloaded which in this case was the PII of millions

- 5 -

of Block's customers.  *See* ECF No. 87 at ¶¶33, 35.  Since OIP's claim does not allege fraud, it is not required to plead these facts with particularity and, instead, Rule 8(a)'s notice pleading standard governs.  *See* ECF No. 94 at 26-28.

## CONCLUSION

For the reasons set forth above, OIP respectfully requests the Court reconsider its dismissal of OIP's Securities Act claims.

DATED: September 22, 2025

Respectfully Submitted,

By: */s/ Jeffrey S. Abraham*
Jeffrey S. Abraham
Michael J. Klein
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone: (212) 279-5050
Facsimile:  (212) 279-3655
jabraham@aftlaw.com
mklein@aftlaw.com

Peretz Bronstein
Yitzchak E. Soloveichik
Eitan Kimelman
**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile:  (212) 697-7296
peretz@bgandg.com
soloveichik@bgandg.com
eitank@bgandg.com

*Co-Lead Counsel for Securities Act Lead Plaintiff
Official Intelligence Pty. Ltd.*