**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE BLOCK, INC. SECURITIES LITIGATION**<br><br><br>**This Document Relates To: All Actions** | Master Case No. 1:22-cv-08636-MMG<br><br>CLASS ACTION |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO OFFICIAL INTELLIGENCE PTY, LTD.'S MOTION FOR RECONSIDERATION**

Pursuant to Local Civil Rule 6.3 ("Local Rule 6.3"), Defendants Block, Inc., Jack Dorsey, Amrita Ahuja, and Jim McKelvey (collectively, "Defendants") respectfully submit this Memorandum of Law in Opposition to Lead Plaintiff Official Intelligence Pty, Ltd.'s ("OIP") Memorandum of Law in Support of its Motion for Reconsideration (ECF No. 104 and referred to herein as the "Motion" or "Mot.") of the Court's September 9, 2025's Opinion & Order (ECF No. 101 and referred to herein as the "Order").[1]

**INTRODUCTION**

OIP's Motion should be denied out of hand because it is procedurally improper and seeks to do nothing more than relitigate arguments and case law that the Court already addressed in its Order. Unable to satisfy Local Rule 6.3's requirement to cite controlling law or facts that the Court

---

[1] The Consolidated Amended Complaint (ECF No. 87) is referred to herein as the "Complaint" or "CAC." Defendants' Memorandum of Law in Support of their Motion to Dismiss the CAC (ECF No. 93) is referred to herein as the "Motion to Dismiss" or "MTD," Lead Plaintiffs' (including OIP's) Opposition to the Motion to Dismiss (ECF No. 94) is referred to herein as the "Opposition" or "Opp. to MTD," and Defendants' Reply in Support of their Motion to Dismiss (ECF No. 95) is referred to herein as the "Reply." The Federal Rules of Civil Procedure are referred to as "Rule(s)." All other defined terms herein have the same meaning as in Defendants' Motion to Dismiss.

"overlooked" in the Order, Plaintiff instead argues that the Court applied certain case law incorrectly, and that the Court should now consider various cases OIP could have raised in its Opposition to Defendants' Motion to Dismiss but neglected to do so. Neither argument justifies reconsideration under Local Rule 6.3.

Even if OIP's Motion somehow complied with the rules permitting the Court to reconsider its Order—and it does not—the Motion also fails on the merits. OIP's own alleged "expert" does not claim that the Incident was "knowable" or that Defendants "could have known" about the Incident between December 10, 2021 (when the Incident occurred) and December 14, 2021 (when Afterpay shareholders voted to approve the Afterpay Merger). And under controlling Second Circuit law, OIP's Section 12(a)(2) claim "sounds in fraud," Rule 9(b) applies to its claim, and OIP's allegations unquestionably do not come close to satisfying Rule 9(b)'s particularity requirements. OIP's Section 12(a)(2) claim further independently fails because it is impermissibly extraterritorial and thus OIP lacks standing to assert it; the Afterpay Scheme Booklet on which OIP's Section 12(a)(2) claim is based is not a "prospectus" under controlling Supreme Court precedent, and thus OIP cannot maintain a Section 12(a)(2) claim; the Scheme Booklet was issued *before* the Incident at the heart of the Complaint and Block was under no duty to update the Scheme Booklet; and the Incident's occurrence did not render any of the challenged statements in the Scheme Booklet materially false or misleading in any event.

Put simply, OIP's Motion is both procedurally improper and substantively incorrect. The Motion should be denied.

## LEGAL STANDARD

"Reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources, … and may be granted *only where a court*

*has overlooked controlling decisions or factual matters that were put before it* on the underlying motion and which, if examined, might reasonably have led to a different result." *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, 531 F. Supp. 3d 673, 698 (S.D.N.Y. 2021) (quotation marks and citations omitted; emphasis added); *see also* Local Rule 6.3 (a party seeking reconsideration must set forth "concisely the matters or controlling decisions which counsel believes the Court has overlooked"). "Other limited circumstances for granting a motion for reconsideration include where the movant demonstrates that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 259 (S.D.N.Y. 2009).

"The standard for granting a motion for reconsideration is strict," *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 445 (S.D.N.Y. 2017), and such a motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple,'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

## ARGUMENT

OIP contends that the Order misinterpreted case law regarding the standard for pleading a claim under Section 12(a)(2) of the Securities Act, and the Court's dismissal of the Section 12(a)(2) claim should be reversed on that basis. OIP's argument fails, and the Motion should be denied for six independent reasons.

*First,* OIP concedes that a motion for reconsideration is only appropriate "where the moving party can point to *controlling* decisions or data *that the court overlooked*." Mot. at 2 (emphases added) (citing *Medisim Ltd. v. BestMed LLC*, 2012 WL 1450420, at *1 (S.D.N.Y. Apr.

23, 2012)). Despite that concession, OIP's Motion is not premised on the Order overlooking any controlling decisions or data. This failure, alone, is fatal to the Motion. Rather than argue that the Order overlooked any controlling decisions or data, OIP instead quibbles with the way the Court applied certain cases cited in the Order. But it is axiomatic that a disagreement with application of case law is not a proper basis for a motion for reconsideration. *See, e.g.*, *Padilla*, 636 F. Supp. 2d at 258-59 ("A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue.").

For example, OIP argues that the Court's reliance on *4FS Fam., Inc. v. Lifchitz*, 2021 WL 5441264 (2d Cir. Nov. 22, 2021), a case that Defendants cited in their Motion to Dismiss, *see* MTD at 17, "is not on point" when considered "in context," Mot. at 5. But OIP already had its chance to argue and attempt to distinguish *4FS Family* and did not even bother to *mention* that case in its Opposition to Defendants' Motion to Dismiss even though Defendants cited and relied on it. OIP is thus barred from rearguing that case now that the Court has already addressed it. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) ("A party seeking reconsideration may n[ot] repeat arguments already briefed, considered and decided" (quotation marks omitted)). At bottom, OIP's issue is not that the Court overlooked any controlling authorities, but that it disagrees with how the Court applied certain case law that OIP itself overlooked and ignored in opposing Defendants' Motion to Dismiss. That, of course, is not the purpose of a motion for reconsideration, and with good reason. If parties could endlessly quibble with a court's application of case law to facts—especially case law they never bothered to cite or address in their briefing—reaching final judgments would be nearly impossible.

*Second*, OIP asks the Court to now consider a handful of cases—*In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347 (2d Cir. 2010); *Winter v. Stronghold Dig. Mining, Inc.*, 686 F.

4

Supp. 3d 295 (S.D.N.Y. 2023); *Fed. Hous. Fin. Agency for Fed. Nat'l Mortg. Ass'n v. Nomura Holding Am., Inc.*, 873 F.3d 85 (2d Cir. 2017); *Shetty v. Trivago N.V.*, 796 F. App'x 31 (2d Cir. 2019); and *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144 (2d Cir. 2024)—that OIP failed to cite in opposing Defendants' Motion to Dismiss. But OIP's "reliance on those cases is improper on a motion for reconsideration," because none of them "involves an intervening change of law," *Sanders v. Sanders*, 2021 WL 5988343, at *2 (S.D.N.Y. Dec. 17, 2021), and, in any event, "the Court cannot have overlooked decisions … that [OIP] never presented to the [C]ourt in the first instance," *Moss v. BMO Harris Bank, N.A.*, 114 F. Supp. 3d 61, 64 (E.D.N.Y. 2015); *see also Navigators Ins. Co. v. Goyard, Inc.*, 623 F. Supp. 3d 220, 223 (S.D.N.Y. 2022) ("[i]n deciding a motion for reconsideration, a court need not consider previously uncited cases, which necessarily do not involve an intervening change of law").[2]

OIP also cites a Second Circuit case decided after Defendants' Motion to Dismiss was fully briefed, *City of Hialeah Employees' Ret. Sys. v. Peloton Interactive, Inc.*, --- F.4th ----, 2025 WL

---

[2] One of OIP's procedurally improper citations, *Winter*, is a district court decision, which is not "controlling authority" on which a party can base a motion for reconsideration. *See Ivan Visin Shipping, Ltd. v. Onego Shipping & Chartering B.V.*, 543 F. Supp. 2d 338, 339 (S.D.N.Y. 2008) (under Local Rule 6.3, "[c]ontrolling authority means decisions of the Second Circuit Court of Appeals or the U.S. Supreme Court"). Nor can a summary order like *Shetty* qualify, as summary orders are non-precedential by definition. In any event, OIP quotes *Shetty* for the proposition "that Plaintiffs must [only] plead facts to demonstrate that the omitted facts 'were known or knowable,'" Mot. at 4, but that language does not appear *anywhere* within *Shetty*, which did not even involve a Section 12(a)(2) claim. OIP's citation to *RADesigns* is even more off base—that is a *copyright infringement* case in which the securities laws were not in any way addressed by the Second Circuit. And *Morgan Stanley* did *not* hold, as OIP suggests, that defendants have a duty to disclose and can be held liable for the omission of facts of which they were unaware—to the contrary, it suggested the opposite. *See* 592 F.3d at 364-65 (finding no duty to disclose that MS & Co. and its mutual funds suffered from internal conflicts of interests where "plaintiffs ha[d] not alleged that the Funds' managers *knew* that MS & Co.'s analysts had breached their professional obligations" (emphasis added)). Finally, *Nomura Holding* was not a pleading case and arose post-summary judgment and trial, and thus, contrary to OIP's suggestion, does not stand for the proposition that a plaintiff is "not required to allege that defendants in [] Section 12 claims knew, or should have known, of any material facts or misstatements at the pleading stage.'" Mot. at 3.

2457758 (2d Cir. Aug. 27, 2025), for the unremarkable proposition that "risk disclosures become plausibly false or misleading after the risks materialize." Mot. at 5. But OIP does not, and cannot, argue that *City of Hialeah* amounts to "an intervening change of law" such that it can properly be considered on a motion for reconsideration. Instead, OIP cites that case merely to "support an argument already made and rejected by the Court," which is not allowed on a motion for reconsideration, *Sanders*, 2021 WL 5988343, at *2.

　　*Third*—setting aside the procedural improprieties of OIP's Motion—OIP's arguments fail even if they are considered on the merits. OIP cites non-controlling authority to argue that "[P]laintiffs are not required to allege that defendants in [] Section 12 claims knew, or should have known, of any material omitted facts or misstatements at the pleading stage." Mot. at 3. But other cases from within the Second Circuit, including from the Second Circuit itself, say the opposite. For instance, in *4FS Family*, like here, the Second Circuit dismissed claims under Section 12(a)(2) because "a company is under no duty to disclose [facts] of which it is *unaware*," 2021 WL 5441264, at *2 (emphasis added), with no requirement that those facts also be "unknowable," as OIP now attempts to read into the decision, *see* Mot. at 5. As Second Circuit courts have long held, under the Securities Act, including Section 12(a)(2), "the duty to disclose arises only when the issuer knew—or should have known—of the omitted fact at the time the statements were made." *Wandel v. Gao*, 590 F. Supp. 3d 630, 640 (S.D.N.Y. 2022) (citation omitted); *see also Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, 538 F. Supp. 2d 662, 669 (S.D.N.Y. 2008) ("If [the company] was ... unaware of the problems ... then no disclosure was required[.]"), *aff'd*, 347 F. App'x 617 (2d Cir. 2009). In short, "[c]lairvoyance is not required." *Wandel*, 590 F. Supp. 3d at 640 (citing *Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir. 2000)).

*Fourth*, OIP does not present any factual basis for the Court to reverse its dismissal of the Section 12(a)(2) claim. Assuming, *arguendo*, that Defendants had a duty to disclose material information that was "knowable" or that Defendants "could have known" (as opposed to what Defendants "knew or should have known"), *see* Mot. at 7, OIP still failed to allege that Defendants "could have known" about the Incident by December 14, 2021, the date of the Special Meeting, a mere four days after the Incident occurred. Nowhere does the Complaint allege *when* the Incident was "knowable" to Defendants. And any suggestion now that Defendants "could have known" about the Incident nearly simultaneous to its occurrence contradicts the allegations of Plaintiff's own purported expert, who asserts that the Incident "would have been expected to be detected *within days or weeks* of its occurrence." *See* CAC ¶ 124 (emphasis added). In fact, as the Complaint acknowledges, Block explicitly warned investors that the "unauthorized access to data ... may be difficult to detect ... *for long periods of time*," *id.* ¶ 112 (emphasis added), which further undermines OIP's theory that any statement within the Scheme Booklet was materially false or misleading, *see Reidinger v. Zendesk, Inc.*, 2021 WL 796261, at *8 (N.D. Cal. Mar. 2, 2021) (holding that plaintiff had "not alleged a material omission" because "Zendesk's warnings that it may experience an undetected data breach implied the possibility that, at some point, Zendesk's data security measures had failed"), *aff'd sub nom. Loc. 353, I.B.E.W. Pension Fund v. Zendesk, Inc.*, 2022 WL 614235 (9th Cir. Mar. 2, 2022).

*Fifth*, OIP argues that Rule 8(a)'s notice pleading governs for the Section 12(a)(2) claim, which means that it was not required to plead any facts related to the Incident or otherwise with particularity. But this argument is beside the point, as the Order did not reach the question of whether Rule 9(b) applies to OIP's Section 12(a)(2) claim, holding that "the Court need not determine this issue because dismissal of the Section 12(a)(2) claim is warranted even if the Rule

9(b) standard does not apply." Order at 13 n.7. In any event, were the Court to address it now, Rule 9(b) unquestionably requires dismissal of OIP's Section 12(a)(2) claim. This claim sounds in fraud, and thus "the heightened pleading standard of Rule 9(b) applies to ... [the] Section 12(a)(2) claim" as well. *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004). As Defendants' Motion to Dismiss demonstrated, *see* MTD at 6-7; Reply at 14, OIP alleges that Defendants violated Section 12(a)(2) by making "false or misleading statements [] to Afterpay shareholders," CAC § E, that "failed to disclose" what "[i]n truth" had allegedly happened, *id.* ¶¶ 48, 64. Indeed, the Complaint's fraud-based Exchange Act claims explicitly incorporate the allegations of OIP's Section 12(a)(2) claim. *Id.* ¶ 97. Under controlling Second Circuit law, such allegations, especially when, like here, they explicitly overlap with the allegations that underly fraud-based Exchange Act claims, constitute allegations that trigger Rule 9(b)'s heightened pleading requirements, *see Rombach*, 355 F.3d at 172 (holding allegations that "Registration Statement was 'inaccurate and misleading'" sounded in fraud and so Rule 9(b) applied to Section 12(a)(2) claims).

*Sixth*, putting all other arguments aside, Defendants' Motion to Dismiss proffered four additional independent reasons for dismissing the Section 12(a)(2) claim that the Court did not reach in its Order, and would need to address before it could reverse dismissal of that claim: (i) OIP does not, and cannot, allege that it acquired its Block CDI's on a U.S.-based exchange, or that it otherwise acquired its Block CDIs in a domestic securities transaction, and thus lacks standing to pursue a Section 12(a)(2) claim, *see* MTD at 25-27; Reply at 11-13; (ii) Afterpay's Scheme Booklet, which is the target of OIP's Section 12(a)(2) claim, was not a "prospectus" under Section 12(a)(2), and OIP and other Afterpay Plaintiffs "do not allege that they purchased their shares in [a] [public offering]," and thus "failed to allege that they have standing to bring a claim under § 12(a)(2)," *see* MTD at 27-28; Reply at 13-14; (iii) the Scheme Booklet was issued *before* the

Incident and Defendants did not have a duty to update the Scheme Booklet, *see* MTD at 30; and (iv) there is nothing inconsistent between the Scheme Booklet's neutral statements that Block had implemented certain data security measures and the occurrence of the Incident, and thus any alleged failure to update the Scheme Booklet between December 10 and 14, 2021 to disclose the Incident—assuming *arguendo* that such a duty even existed—could not have rendered the Scheme Booklet materially false or misleading under Section 12(a)(2), *see* MTD at 29; Reply at 15. Each of those four arguments is an additional reason to dismiss the Section 12(a)(2) claim.

## CONCLUSION

For all the foregoing reasons, the Court should deny OIP's Motion for Reconsideration.

Dated: October 6, 2025                    Respectfully Submitted,

By: */s/ James N. Kramer*
JAMES N. KRAMER
ALEXANDER K. TALARIDES
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
jkramer@orrick.com
atalarides@orrick.com

JENNIFER M. KEIGHLEY
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
jkeighley@orrick.com

*Attorneys for Defendants Block, Inc., Jack Dorsey, Amrita Ahuja, and Jim McKelvey*

9

## CERTIFICATE OF COMPLIANCE

The foregoing Memorandum of Law in Opposition to Official Intelligence Pty, Ltd.'s Motion for Reconsideration contains 2,853 words, excluding the portions exempted by Local Civil Rule 7.1(c). It thus complies with the word-count limitations of Local Civil Rule 6.3, which governs motions for reconsideration, because the word count does not exceed the 3,500 words permitted under that rule for briefs responding to motions for reconsideration.

By:    */s/ James N. Kramer*
       JAMES N. KRAMER