**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BLOCK, INC. SECURITIES LITIGATION | No. 1:22-cv-08636 (MMG) |
| | CLASS ACTION |
| | DEMAND FOR JURY TRIAL |

**REPLY MEMORANDUM IN SUPPORT OF**
**<u>OFFICIAL INTELLIGENCE PTY. LTD.'S MOTION FOR RECONSIDERATION</u>**

Official Intelligence Pty. Ltd. ("OIP"), lead plaintiff for the Securities Act of 1933 (the "Securities Act") claims, by and through its undersigned counsel, respectfully submits this reply memorandum in support of its motion for reconsideration (the "Motion") of the Court's September 9, 2025 Opinion & Order (ECF No. 101) (the "Order") pursuant to Local Civil Rule 6.3.[1]

## INTRODUCTION

OIP's Motion is meritorious because it identifies a controlling legal principle that the Court overlooked in the context of extensive briefing on multiple complex legal issues. Specifically, this Court credited Defendants' purported inability to know of the undisclosed facts relating to the Incident, which represents an affirmative defense in a case such as the one at Bar asserting claims arising under Section 12(a)(2) of the Securities Act. The relevant controlling legal principles are embodied in the statute itself as well as controlling Second Circuit cases and, as such, represent a proper ground for reconsideration under Local Rule 6.3.

## ARGUMENT

**A.    Defendants' Purported Inability to Know of the Incident Is an Affirmative Defense**

Defendants' knowledge is not an element of OIP's Section 12(a)(2) claim with a prima facie case for liability established when a prospectus "includes an untrue statement of material fact or omits to state a material fact[.]" 15 U.S.C. §77*l*(a)(2). Defendants' purported lack of knowledge only comes into play if they "sustain the burden of proof that [they] did not know, **and in the exercise of reasonable care could not have known of such untruth or omission**." *Id*. (emphasis added). The plain meaning of §12(a)(2) is embodied in controlling Second Circuit authority holding that a defendant's lack of knowledge only represents an affirmative defense rather than an

---

[1]    The capitalized terms referred to in this brief have been previously defined either in the Order (ECF No. 101) or in the opening memorandum of law in support of OIP's motion for reconsideration. *See* ECF No. 104.

element of the claim.  *See* ECF No. 105 (the "Opposition" or "Opp.") at 4-5 (citing *Fed. Nat. Mortg. Ass'n v. Nomura Holding Am., Inc.*, 873 F.3d 85, 127 (2d Cir. 2017); *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 359 n.7 (2d Cir. 2010)).

Defendants contend that the issue of their knowledge is not limited to being raised as an affirmative defense but, instead, can be decided on a motion to dismiss because other cases "say the opposite."  Opp. at 6.  However, that is plainly incorrect, as even the authorities Defendants cite acknowledge that no liability exists only where the event had not happened yet and could not be known.  *Id*. (quoting *Wandel v. Gao*, 590 F. Supp. 3d 630 (S.D.N.Y. 2022)).

*Wandel*, upon which Defendants rely, represents an example of a case in which the plaintiff failed to properly allege that the defendants omitted relevant facts because those facts were not knowable except with the benefit of hindsight.  Specifically, as Judge Abrams later observed in distinguishing *Wandel,* the undisclosed fact was "that a few dozen cases of respiratory illness would explode into a ruinous pandemic," an unpredictable outcome.  *Winter v. Stronghold Digital Mining, Inc.*, 686 F. Supp. 3d 295, 307 (S.D.N.Y. 2023).

*4FS Family, Inc. v. Lifchitz*, No. 21-903-cv, 2021 WL 5441264, at *2 (2d Cir. Nov. 22, 2021) (Summary Order), upon which this Court relied, is similarly distinguishable because there the plaintiff failed to allege that the defendants could have known at the time of the offering of litigation exposure manifesting itself at a later date.  Instead, as was the case with *Wandel*, the materiality of that litigation exposure was only knowable with the benefit of hindsight.[2]

---

[2]    Regarding OIP's supposed failure to respond to Defendants' motion to dismiss brief citing *4FS Family*, Defendants cites the case regarding the Exchange Act claims only, not with reference to the Securities Act claims OIP is prosecuting.  ECF No. 93 at ii, 17, 29-30.  In any event, OIP explained that knowledge is not an element of its claim.  ECF No. 94 at pp.34-35.

*Panthers, Inc. v. Ikanos Communications, Inc.*, the other case Defendants cite, was premised upon the existence of an adverse trend which was allegedly required to be disclosed by Item 303.   538 F. Supp. 2d 662, 672-73 (S.D.N.Y.).   Item 303, however, requires that the defendants know of the trend to trigger a duty to disclose. *Id.*  Here, in contrast, the Incident was *not* a trend but, instead, an existing fact at the time of the Offering.

Seemingly acknowledging these controlling principles of law, Defendants also contend that OIP has pled itself out of Court by alleging that Block may not have discovered the Incident for weeks.   Defs. Memo. at 7 (citing CAC ¶¶112, 124).   However, in making that argument, Defendants ignore OIP's allegation that if Block had implemented the "ISO 27001 standard … Block's senior leadership knew or **should have known** about the breach within days of the discovery of its occurrence on December 10, 2021." CAC ¶121 (emphasis added).  OIP also notes that the Company had access to the facts relating to the Incident at the time it occurred, as evidenced by Block later being able to identify with precision that the Incident took place on December 10, 2021.  CAC ¶¶33, 35.  Indeed, even assuming *arguendo* this Court believes "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely" – a matter which OIP in no way concedes – the claim should still be allowed to proceed past a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation and internal quotation marks omitted).[3]

---

[3]    Defendants are also not entitled to a free pass based upon the risk factor allegation which they now characterize as stating that "unauthorized access to data ... may be difficult to detect ... for long periods of time." Opp. at 7 (quoting CAC ¶112). The risk factor, in fact, states that "[b]ecause the techniques used to obtain unauthorized access to data, products, and services and to disable, degrade, or sabotage them change frequently and may be difficult to detect or remediate for long periods of time, we and our customers may be unable to anticipate these techniques or implement adequate preventative measures to stop them." CAC ¶112 .  Here, however, there was no novel technique used to "disable, degrade, or sabotage" Block's infrastructure.  Instead, former

**B.**     **OIP's Motion for Reconsideration Is Properly Made**

Defendants contend that OIP's reliance on the authorities supporting its motion is "'improper on a motion for reconsideration,' because none of them 'involves an intervening change of law[.]'" Defs. Opp. at 5 (quoting *Sanders v. Sanders*, 2021 WL 5988343 (S.D.N.Y. Dec. 17, 2021)).  However, in making that argument, Defendants ignore that *Sanders*, which they cite, does not limit a properly made motion for reconsideration to an intervening change in the law but also recognizes "***the need to correct a clear error*** or prevent manifest injustice" as a basis for reconsideration.  2021 WL 5988343, at *1 (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).

Defendants also contend that a motion for reconsideration is inappropriate because "the Court cannot have overlooked decisions … that [OIP] never presented to the [C]ourt in the first instance." Opp. at 5 (quoting *Moss v. BMO Harris Bank, N.A.,* 114 F. Supp. 3d 61, 64 (E.D.N.Y. 2015)).  Defendants' clever use of ellipses badly mangles the actual holding in *Moss* which is that "a party may not raise an argument for the first time in a motion for reconsideration." *Id.* (citations omitted).  *Moss*, however, does not purport to restrict the citing of cases for the first time in a motion for reconsideration supporting an argument previously made to the Court.

OIP had, in fact, argued that it did "not allege – and consciously avoids incorporating by reference – any allegations of scienter for the Securities Act claims because scienter is not an element of those claims." ECF No. 94 (MTD opposition) at 1-2 (citations omitted).  The issue was also separately addressed in a letter informing the Court of the recent decision in *In re: Qutoutiao*

---

employee credentials that should have been cancelled (the necessary remediation) lay at the heart of the Incident and, as OIP alleges, "[f]ormer employees are a known risk for causing data security breaches.  As a result, proper data security seeks to prevent former employees from gaining access to the PII maintained by companies on their data system[.]" CAC ¶26 (footnotes omitted).

- 4 -

*Inc.*, 2024 WL 4588491 (2d Cir. Oct. 28, 2024).  ECF No. 96.  Therefore, this was not a matter overlooked by counsel.

**C.      OIP Agrees That the Court Is Free to Consider Other Grounds for Dismissal**

Defendants note that there were other arguments for dismissal of OIP's claims which the Court did not address in its decision.  Opp. at 8-9.  OIP agrees that those issues were not addressed and that this Court may address those issues in connection with the motion for reconsideration.

**CONCLUSION**

For the reasons set forth above, OIP respectfully requests the Court reconsider its dismissal of OIP's Securities Act claims.

DATED: October 13, 2025                    Respectfully Submitted,

By: */s/ Michael J. Klein*
Jeffrey S. Abraham
Michael J. Klein
**ABRAHAM, FRUCHTER & TWERSKY, LLP**
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone: (212) 279-5050
Facsimile:  (212) 279-3655
jabraham@aftlaw.com
mklein@aftlaw.com

Peretz Bronstein
Yitzchak E. Soloveichik
Eitan Kimelman
**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile:  (212) 697-7296
peretz@bgandg.com
soloveichik@bgandg.com
eitank@bgandg.com

*Co-Lead Counsel for Securities Act Lead Plaintiff
Official Intelligence Pty. Ltd.*

## CERTIFICATE OF COMPLIANCE

The foregoing Reply Memorandum of Law in Support of Official Intelligence Pty. Ltd.'s Motion for Reconsideration contains 1,501 words, excluding the portions exempted by Local Civil Rule 7.1(c). It thus complies with the word-count limitations of Local Civil Rule 6.3, which governs motions for reconsideration, because the word count does not exceed the 1,750 words permitted under that rule for briefs responding to motions for reconsideration.

By: */s/ Michael J. Klein*
    Michael J. Klein